COHEN v. BARRY et al.

(Supreme Court, Appellate Term. February 7, 1908.)

PRINCIPAL AND AGENT—LIABILITY OF AGENT—PAYMENTS TO AGENT.

    Where plaintiff paid money to defendants, knowing them to be agents of another, the payment being free from any wrongful act of the agents, he must look to the principal, and not the agents, for a return of the money, should he ultimately become entitled to it.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 480, 481.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William Cohen against Joshua H. Barry and John M. Ferris. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

H. B. Davis and Henry B. Mansfield, for appellants.

Norman W. Kerngood, for respondent.

SEABURY, J. The plaintiff paid the defendants, Barry and Ferris, who were real estate and insurance brokers doing business under the firm name of Barry & Co., the sum of $125. The conditions under which this sum was paid are set forth in the receipt, which the plaintiff received from the defendants, of which the following is a copy:

                                   "New York, November 28, 1906.

    "Received from William Cohen the sum of one hundred and twenty-five dollars as security on lease for southerly store situated on the east side of Eighth avenue. Said amount to be returned to William Cohen provided the lease is not made between the Northwestern Realty Company and Samuel Greenberg; and, further, that the said amount of $125 to be paid for month's rent upon notification to William Cohen to take possession, and that Barry & Co. will not be held responsible for any part of their not making said lease between the parties.

    "[Signed]                                    Barry & Co."

The lease referred to was not made or tendered to the plaintiff, and the plaintiff brought this action to recover the $125 which he paid to

the defendants. The evidence shows that when the plaintiff paid the money to Barry & Co. he knew that they were agents, and that Barry. & Co. told him that they accepted the money as agents. The defendants were not only known to the plaintiff to be agents merely, but they disclosed their principal. In the absence of fraud, mistake, or other wrongful act, the identity of the defendants was merged in that of their principal, and the obligation, which appears to be due the plaintiff, is due not from them but from their principal. Colvin v. Holbrook, 2 N. Y. 126; Hall v. Lauderdale, 46 N. Y. 70. The principle within which this case falls was clearly stated by Mr. Justice Bischoff in Cooper v. Tim, 16 Misc. Rep. 372, 3 N. Y. Supp. 67, in the following language:

"It is settled in principle, and by authority, that if one person knowingly pays money to another as the agent of a third, the payment not having been induced by any wrongful act of such agent, resort cannot be had to the latter, but must be had to his principal, if the person who made the payment ultimately became entitled to the return of the money paid."

The judgment appealed from is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.