## DOBELL ET AL. *v.* KOCH.

*Contracts—Agreement to purchase realty—Deposit of earnest money with agent—Principals cancel contract—Payer cannot recover from agent, when.*

An agent who lawfully receives earnest money for his principal, paid under the terms of a written contract made with the principal for the purchase of real estate, is not liable to the payer in an action to recover back the money still in the agent's possession, where the contract has been cancelled by the principals.

(Decided December 19, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. W. A. Rinckhoff*, for plaintiffs in error.
*Mr. John W. Sadlier*, for defendant in error.

BUCHWALTER, J. The action below was brought by plaintiffs, who are plaintiffs in error here, in the municipal court of Cincinnati, to recover earnest money deposited on account of the purchase price under a contract for the sale of real estate.

On motion, at the close of plaintiffs' testimony, the court gave judgment for defendant, which judgment was affirmed by the court of common pleas, and to reverse this judgment error is prosecuted here.

The plaintiffs entered into a written contract with Jennie Ducklo to purchase certain real estate. This contract was in the form of an offer, through the defendant, Koch, as agent for Jennie Ducklo, for the purchase of the property. The offer was accepted in writing by the owner. The contract provided for

the payment of $100 on acceptance, as earnest money. This sum was paid to Koch and the receipt given by him to plaintiffs, the receipt being signed "Al Koch Real Estate Company, per Al Koch, S. J." Koch was doing business under that name.

The action was filed against Al Koch for the $100 so deposited.

It appears from the testimony that the contract was canceled by agreement between Jennie Ducklo and the plaintiffs; that the earnest money was in the possession of defendant, not having been paid to Jennie Ducklo; and that Jennie Ducklo had authorized Koch to sell the property for her. She, however, makes no claim to the deposit.

It is contended that the contract was entered into with the defendant, that the receipt was signed by him, and that he was acting as a principal. The contract itself, which was accepted in writing at the end thereof by Jennie Ducklo, shows that Koch was only her agent, and the intention of the parties must be gathered from the written instrument itself.

The uncontradicted testimony is that when the plaintiffs signed the offer, before it was accepted, they were informed that Jennie Ducklo was the owner of the real estate. The contract, as entered into by plaintiffs and the owner, provided for the payment of $100 as earnest money as soon as the contract had been accepted. This amount was paid to the known agent of the owner, who gave the receipt which contained the provision: "Said $100 to be refunded if title is faulty." The contract provided for a certain payment, the balance to be obtained from a building association, and if the building association failed to loan the balance the seller was to take a second mortgage. The building asso-

ciation refused the loan, and the parties to the contract canceled it and nothing further was done thereunder.

The only question is, whether an agent who lawfully receives money, paid on account of a contract for the purchase of real estate, made with his principal, can be held liable by the purchaser in an action to recover back the money still in the possession of the agent, where the contract has been canceled by the principals.

At the time of the payment to the agent he was authorized to receive it for his principal, the owner, under a valid contract. It was not paid through mistake, fraud or misrepresentation. The principal at that time was entitled to the money, subject to be refunded by her if title proved defective. The later cancellation of the contract between plaintiffs and the owner did not change the relationship of the principal and agent relative to the deposit.

The rule is that where payment is properly made to a known agent, acting within the scope of his authority for a disclosed principal, without mistake, fraud or duress, and the payer ultimately becomes entitled to a return of the payment, his action is not against the agent individually, but against the principal, even though the agent has not made payment to his principal. This rule is generally supported by the weight of authority. See 23 L. R. A. (N. S.), 554; 21 Ruling Case Law, 846, Section 26; 1 Mechem on Agency (2 ed.), Section 1438, and 2 Corpus Juris, 821, and numerous cases cited therein.

In *Hoffman* v. *Newman,* 55 Neb., 713, it is held:

"An agent, the fact of agency and name of principal being disclosed, who receives money for his principal which he fails to pay to the latter, is not

liable to the payer, either in an action for conversion or for money had and received."

In *Middleworth* v. *Blackwell*, 82 N. Y. Supp., 704, the first proposition of the syllabus holds:

"Plaintiff contracted to purchase real estate from L by an agreement requiring him to pay $500 at the time of its execution. Plaintiff's attorney paid such sum to defendants, who were L's attorneys. Thereafter L refused to complete the contract. *Held* that the amount was paid to defendants in their representative capacity only, and they were not liable to plaintiff for the return thereof."

See also *Kurzawski* v. *Schneider*, 179 Pa. St., 500; *Fisher* v. *Meeker*, 103 N. Y. Supp., 261; *Cohen* v. *Barry*, 108 N. Y. Supp., 573, and *Gulf City Construction Co.* v. *L. & N. Rd. Co.*, 121 Ala., 621.

In *Bogart* v. *Crosby & Van Haren*, 80 Cal., 195, the syllabus reads:

"A vendee under a contract for the sale of land who has paid a deposit on the purchase price to the disclosed agents of the vendor, which they have turned over to their principal, cannot maintain an action against the agents for its recovery on account of the failure of the vendor to perform the contract in time, although the vendor has, prior to the commencement of the action, redelivered the money to the agents."

In *Finnegan* v. *Geoghegan*, 111 N. Y. Supp., 656, where plaintiff paid the first month's rental and deposited as security a sum equivalent to the last month's rental, with a real estate agent, for the lease of certain premises, which lease was later repudiated, and the plaintiff sought to hold the agent for the return of the money, the court held that he could not recover since he knew of defendant's agency for

OHIO APPELLATE REPORTS. 45

App.] Peoples Sav. Bk. & Tr. Co. v. Jos. Bros. Co.

the owner, and acknowledged it by signing the lease at the time the money was paid.

It seems clear from the above authorities that the plaintiffs in this action have no right of recovery against the agent, who is defendant.

Finding no error in the record prejudicial to plaintiffs in error, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.