No. 452

GROB v. MYERS

Ohio Appeals, 6th Dist., Lucas Co.

No. 1618. Decided Feb. 3, 1926

225. CHARGE TO JURY—An instruction that the jury must be satisfied by a preponderance of the evidence of the truth of the fact in issue, is misleading and erroneous.

YOUNG, J.

Howard Myers filed suit against William Grob in the Lucas Common Pleas on an account for goods sold and delivered. Subsequently Grob brought an action against Myers alleging a breach of contract growing out of the sale of certain supplies by Myers to Grob, which were claimed to be defective.

The two cases were consolidated and tried together. At the trial, Grob having admitted Myer's claim originally sued upon, the court correctly directed the jury to bring in a verdict for Myers. In the case of Grob v. Myers, the jury returned a verdict in favor of Myers. Grob prosecuted error, claiming that the court erred in the admission of evidence,

erred in the charge to the jury and in charging certain specific requests which relate chiefly to the question of agency. Grob contended further that Myers represented and held himself out as dealing entirely upon his own responsibility; that he (Grob) relied upon such representations; but later learned that Myers was acting for the National Metal Products Co. Myers claimed that he apprised Grob of the fact that he was selling the Company's goods. The Court of Appeals held:

1. In order that an agent may avoid liability, he must only make known the fact that he is acting in a representative capacity, but he must disclose the name or identity of his principal.

2. This duty to disclose principal and agency is a positive one and the agent cannot be relieved of liability if he fails to make such disclosure.

3. Although a person entering into a contract is known to the other contracting party to be an agent merely, he may, nevertheless, be held liable if the identity of the principal is not disclosed.

4. Under these principles, the court erred in charging request No. 6 and an issue involving a disclosure or non-disclosure of a principal.

5. It is sufficient that the jury find by a preponderance of the evidence, and not such proof that the jury must be satisfied by a preponderance of the truth of the fact in issue. 80 OS. 289.

Judgment reversed and cause remanded.

Attorneys—Fraser, Hiett & Wall for Grob; Fritsche, Kruse & Winchester for Myers; all of Toledo.