[Cite as *M. Steel, Inc. v. Seltzer*, 2011-Ohio-2522.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95336

---

## M. STEEL, INC.

PLAINTIFF-APPELLEE

vs.

## STUART SELTZER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the

Cuyahoga County Court of Common Pleas
Case No. CV-689995

**BEFORE:**  Stewart, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**  May 26, 2011

**ATTORNEY FOR APPELLANT**

Bruce P. Bogart
2101 Richmond Road
La Place Mall — **Upper Level**
Cleveland, OH   44122

**ATTORNEYS FOR APPELLEE**

Donald A. Mausar
Amanda Rasbach Yurechko
Weltman, Weinberg & Reis
323 W. Lakeside Avenue, Suite 200
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant, "Stuart Seltzer aka Stuart Sulzer dba Parks Hill Steel," appeals the trial court's entry of judgment in favor of plaintiff-appellee, M. Steel, Inc., and against him personally.  Following review of the record, and for the reasons stated below, we reverse.

{¶ 2} On April 13, 2009, M. Steel filed suit against "Stuart Seltzer aka Stuart Sulzer dba Parks Hill Steel," to collect on outstanding invoices for goods sold. Appellant, whose name is Stuart Sulzer, not "Seltzer," answered and denied being personally liable for the business debt of his company, Parkshill Steel Corp., not "Parks Hill Steel". Appellant also counterclaimed against M. Steel for the value of 59,000 lbs. of steel he claimed was returned to M. Steel but not credited to Parkshill's account. Following a bench trial, the court found appellant personally liable for the debt and entered judgment against him in the amount of $21,638.72. On appeal, appellant raises two errors for our review.

{¶ 3} "I. The trial court erred in granting judgment against Stuart Seltzer personally."

{¶ 4} Appellant argues that appellee failed to prove its case by a preponderance of the evidence. Appellant maintains that appellee failed to demonstrate that M. Steel's business dealings were with him in a personal capacity. Appellant argues that the evidence clearly shows that appellee was aware he was acting as an agent on behalf of his incorporated business entity, Parkshill Steel, and that there was no personal commitment on his part to be personally responsible for the company's debts.

{¶ 5} On a challenge to the manifest weight of the evidence in a civil case, we neither weigh the evidence nor judge the credibility of the witnesses.

*Abernethy v. Abernethy*, 8th Dist. No. 92708, 2010-Ohio-435. Our role is to determine whether there exists competent and credible evidence in the record upon which the fact-finder could base its decision. We will not reverse a trial court's decision if it is based upon competent and credible evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578.

{¶ 6} To resolve the issue in this case, we look to the law of agency. When a person incorporates his business and conducts business on behalf of the corporation, he is acting as an agent of the corporation and may avoid personal liability for debts of the corporation. An agent seeking to avoid personal liability "must so conduct himself in dealing on behalf of the corporation with third persons that those persons are aware that he is an agent of the corporation and that it is the corporation with which they are dealing, and not the agent individually." *James G. Smith & Assocs. Inc. v. Everett* (1981), 1 Ohio App.3d 118, 120-121, 439 N.E.2d 932.

{¶ 7} Agency law in Ohio has been summarized as follows:

{¶ 8} "(1) Where the agent is acting for a disclosed principal, i.e., where both the existence of the agency and the identity of the principal are known to the person with whom the agent deals. An agent who acts for a disclosed principal and who acts within the scope of his authority and in the name of the principal is ordinarily not liable on the contracts he makes. *Foster v. Lee*

*Motors, Inc.* (1956), 102 Ohio App. 10; *Dobell v. Koch* (1921), 16 Ohio App. 41 .

The rationale for this rule is that in this situation the third party intends to deal with the principal, not his agent.

**{¶ 9}** "(2) Where the principal is only partially disclosed, i.e., where the existence of an agency is known to the third person, but the identity of the principal is not known. Here, the agent is held to be a party to the transaction and is liable to the third party, as is the agent's principal. *Grob v. Myers* (1926), 4 Ohio Law Abs. 349. See, also, *Givner v. United States Hoffman Mach. Corp.* (1935), 49 Ohio App. 410. The reason for the rule is that since the identity of the principal is not known to the third party, he ordinarily will not be willing to rely wholly upon the credit and integrity of an unknown party.

**{¶ 10}** "(3) Where the principal is undisclosed, i.e., where neither the existence of an agency nor the identity of the principal is known to the third party. Here, the dealing is held to be between the agent and the third party, and the agent is liable. See *Davis v. Harness* (1882), 38 Ohio St. 397. Should the identity of the principal be discovered, he may be held liable by the third party who must elect to pursue either the principal or agent — both are not liable. See *Bader v. Corbin* (1952), 95 Ohio App. 249. The rationale for the agent's liability is that since the third party was unaware of the agency, he intended to deal with the agent as an individual, not as an agent.

**{¶ 11}** "(4) Where there is a fictitious or nonexistent principal, or the principal is without legal capacity or status. If an agent purports to act on behalf of such a 'principal,' the agent will be liable to the third party as a party to the transaction. See *Trust Co. v. Floyd* (1890), 47 Ohio St. 525; *Seasongood & Mayer v. Riddle* (1923), 18 Ohio App. 88. See, also, *Brawley v. Anderson* (1947), 80 Ohio App. 15. One cannot be an agent for a nonexistent principal; there is no agency. This situation frequently arises where a corporate promoter enters into contracts prior to the time the corporation is actually incorporated. See *Trust Co. v. Floyd*, supra." *Plain Dealer Publishing Co. v. Worrell*, 178 Ohio App.3d 485, 2008-Ohio-4846, 898 N.E.2d 1009, ¶10, quoting *James G. Smith & Assocs. Inc.*, 1 Ohio App.3d at 120-121.

**{¶ 12}** Appellee's basis for imposing personal liability on Sulzer is that he failed to fully disclose that he was acting as an agent of a business entity and there was no evidence that any such entity exists. Appellee contends that Sulzer, as a partially disclosed agent, can be held personally liable. The trial court did not address the agency issue except to state that based on the testimony at trial, "it is clear that a business relationship did exist between the parties."

**{¶ 13}** We find appellee's contention that M. Steel's relationship was only with Sulzer personally and that it had no knowledge of the existence of Parkshill Steel Corp. is belied by the record. Mair Cohen, one of the two

owners of M. Steel, Inc., testified on behalf of appellee. Cohen is an educated businessman who holds an MBA with a concentration in e-commerce. According to Cohen, M. Steel had been in operation for approximately three years and during that time he prepared and kept all of the business records for the company, including the invoices and account records presented at trial. Cohen testified that he had done business in the past with Sulzer acting on behalf of Parkshill Steel and had received payment through that company's checks. He also testified that he had done business with Sulzer personally.

{¶ 14} Contrary to Cohen's claim that the contested debt arose when he was dealing with Sulzer personally, all of the documentary evidence submitted by M. Steel at trial shows the customer's name as Parks Hill Steel. The bills of lading for the shipments at issue were prepared by Cohen and addressed to Parks Hill Steel. The company account ledger that M. Steel relies upon to prove the debt shows the name of the customer as Parks Hill Steel. All of the invoices have the Parks Hill company name on the first line and Stuart Seltzer on the line below. The address on the invoices is the company's address, not Sulzer's address. Sulzer's correct name does not appear on any of the invoices. According to Cohen, he "assumed that when I got checks from him or whenever I got, you know, any communication, it was Stuart Sulzer and Parks Hill."

{¶ 15} The evidence in this case strongly indicates that M. Steel, Inc. was put on notice that it was dealing with the business entity, Parkshill Steel Corp., rather than Sulzer personally, as all of the billings and account information were in the company's name. Therefore, the evidence at trial establishes that Parkshill Steel failed to pay all of its invoices and owes M. Steel on the outstanding balance. However, there is simply no competent or credible evidence in the record to establish that Sulzer failed to disclose the identity of his principal, acted outside of the scope of his authority as agent, or agreed to be personally liable for this debt. Accordingly, appellant's first assignment of error is sustained.

{¶ 16} "II. The trial court erred in granting judgment in the amount of $21,638.72."

{¶ 17} In his second assignment of error, Sulzer challenges the trial court's calculation of the judgment relative to the dollar amount of the credit given for defective goods returned to M. Steel. Because our resolution of the first assignment of error is dispositive of this appeal, we decline to address the second assignment of error as it is rendered moot. See App.R. 12(A)(1)(c).

{¶ 18} The first assignment of error is sustained. The second assignment of error is rendered moot.

This cause is reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR