SEASONGOOD & MAYER v. RIDDLE ET AL.

*Unincorporated associations—Suable in firm name—Negotiable instruments—Individual signing in representative capacity not personally liable—Pleading.*

1. Unincorporated societies are partnerships and presumptively suable, under our statute, in the firm or association name.
2. Parties signing a negotiable instrument in a representative capacity for an unincorporated society, suable in its firm name, are not personally liable on said instrument.
3. An amendment to the petition, stating that the signers of the instrument were some, but not all, of the members of the society, was properly rejected.

(Decided October 12, 1923.)

ERROR: Court of Appeals for Madison county.

*Messrs. Peck, Shaffer & Williams* and *Mr. Robert Gorman,* for plaintiff in error.
*Mr. A. T. Cordray* and *Messrs. Murray & Emery,* for defendants in error.

ALLREAD, J. This is an action against Riddle and Woodhouse as individuals upon a check signed "London Chamber of Commerce, W. H. Riddle, by Robert Woodhouse, Secy."

There is no averment that the agents in signing such check exceeded their authority. The averment is that the principal was a voluntary association, not incorporated. A demurrer to the amended petition was sustained. An amendment, stating that defendants were members of the London Chamber of Commerce and approved the issuing of the check, was rejected, upon the ground, that, if made, the petition would still be insufficient.

Final judgment was rendered and error is prosecuted.

The defendants rely upon Section 8125, General Code, part of the negotiable instruments code. This section is as follows:

"When the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized. But the mere addition of words describing him as an agent, or as filling a representative character without disclosing his principal does not exempt him from personal liability."

Counsel for plaintiff contend that Section 8125 was not designed to exclude liability of the agent under the common law where there is no responsible principal.

The Court of Common Pleas applied this section as defining the rights of the parties, and sustained the demurrer. We are not clear, however, that this section covers a case where there is no recognized responsible principal authorized to contract or to sue and be sued.

The rule upon which the plaintiff relies is thus stated by Chief Justice Taft in the case of *United Mine Workers of America* v. *Coronado Coal Company*, 259 U. S., 344, at page 385:

"Undoubtedly at common law, an unincorporated association of persons was not recognized as having any other character than a partnership in whatever was done, and it could only sue or be sued in the names of its members, and their liability had to be enforced against each member."

This doctrine of the common law is in the nature

of an exception to the general doctrine of principal and agent, arising out of the necessity of the case, where there is no responsible principal. It is reasonable in such cases that the agents who made the contract should be held liable, otherwise a party contracting with such association would be without remedy. This rule was applied to religious societies and clubs, where the membership was often temporary and changeable and where there was no general responsibility of the membership at large to the association otherwise than by contributions and fixed dues. The rule, therefore, being one of necessity, will readily yield when the reason ceases. Chief Justice Taft in the above case broke away from the common-law rule and held (pages 385-386) that union labor organizations were suable in the federal courts because of "affirmative legal recognition of their existence and usefulness." The petition contains no description of the functions of the London Chamber of Commerce, its business, or of its property. The only statement is that it is a voluntary association, unincorporated. In the absence of any averment to the contrary we may presume that the London Chamber of Commerce exercises functions and carries on its business and affairs as other similar societies.

Section 11260, General Code, confers authority on Ohio courts to entertain actions against Ohio partnerships in their partnership names. It is an enabling statute, and affords a creditor a right of action against a partnership, therein described, in the firm name and chargeable against firm assets.

The text-writers, and authorities generally, hold

that an unincorporated society is a partnership as to third parties.

The plaintiff in order to make out an exception to Section 8125, General Code, is bound to aver all the necessary facts to show that the principal is not responsible for its contracts or subject to direct action. This we think the plaintiff has not done. The mere averment that defendant is a voluntary unincorporated society is not sufficient.

The presumption would be that the London Chamber of Commerce is suable in the local courts, and, there being no showing to the contrary, we think Section 8125 applies, and that the agents are not responsible upon the check without other averments, in addition to the execution of the check.

We have considered the case of *Higdon* v. *Gardner & Huntsman*, 2 C. C., 340. That case was decided in favor of the agents upon the ground that all of the partners were not joined. The contention of plaintiff here as to the application of the common-law exception in that case is only incidental, is not fully discussed, and is not persuasive on that point.

In respect to the amendment we approve the statement of the trial court that it would not cure the defect in the petition. For the reason stated by the trial judge in the journal entry, and the further reason that it does not purport to bring in all of the joint parties, we think the amendment was properly refused.

*Judgment affirmed.*

KUNKLE and FERNEDING, JJ., concur.