**BRAWLEY, ET AL, Plaintiffs-Appellants, v ANDERSON, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6726. Decided January 20th, 1947.

Fred L. Hoffman, Cincinnati, for plaintiffs-appellants.
R. E. Simmonds, Jr., Cincinnati, for defendant-Appellee.

## OPINION

By MATTHEWS, J.

The plaintiffs alleged that the defendant, assuming to act as the agent for a real estate owner, employed them to find a purchaser for the real estate; that he warranted that he had authority to enter into the contract with them; that they relied upon such warranty and found a purchaser who was ready, willing, and able to purchase the real estate at the price fixed by defendant, and so notified the defendant and sent to him the purchaser's written offer, but defendant, instead of submitting said offer to his pretended principal, returned it to them.

The plaintiff also alleged that the defendant was not authorized to represent the owner and that by reason of his breach of his warranty of his authority, the plaintiffs lost their commission, and have been damaged in the sum of $1,-500.00

By answer, the defendant, as a first defense denied that he represented or warranted that he was authorized to make

a contract with the plaintiffs on behalf of the real estate owner, and, as a second defense, pleaded a judgment in a prior action between the same parties as an election and estoppel, and, as a third defense, the same judgment was pleaded as res adjudicata.

By way of explanatory denial, the plaintiffs replied that the prior action was not on the contract or warranty of the agent of his authority, but was on a contract to sell the real estate and that the court held that no such contract had been entered into.

After the issues were thus made, the court, on the plaintiffs' motion ordered that the issues raised by the second and third defenses and the reply thereto be heard before the trial of the first issue.

In accordance with said order, a trial took place at which a jury was waived. We quote the entire bill of exceptions, excepting the formal parts, to-wit:

"Counsel for plaintiff and defendant informed the Court that they both felt that the matters set forth in the defendant's second and third defenses should be heard prior to a hearing of the entire case on its merits; that in the event that the Court decided in favor of the defendant on its affirma-(tive) defenses it would eliminate the necessity of an extended hearing of the case on its merits; thereupon it was stipulated by and between counsel for plaintiffs and defendant that the issues raised by the second and third defenses of the defendant's answer should be submitted to the Court without the intervention of a jury upon an agreement that the pleadings and entries made in case No. A-92071 in the Hamilton County Common Pleas Court should comprise all the evidence submitted by the plaintiffs and defendant on such issues.

Thereupon such pleadings and entries were considered as offered in evidence and accepted by the Court.

Such pleadings and entries are attached hereto, made a part hereof, and marked Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10.

Thereupon both plaintiffs and defendant rested and counsel for the respective parties argued their sides of the case to the Court."

As a result of this trial, the Court found on the issues raised by the second and third defenses in favor of the defendant and on this finding entered judgment that the de-

fendant "go hence without day and recover of the plaintiffs his costs." This appeal is from that judgment.

It will be observed that there was no finding as to the first issue, no waiver of it, and no stipulation as to what judgment should be rendered in the event the court found for the plaintiffs on the issues raised by the second and third defenses. Nor was there an agreement that the final judgment should be made to depend on the finding on the second and third issues.

In 53 Am. Jur., 789, et seq., it is stated that: "Findings as to certain issues may become unnecessary in view of other findings made by the court. Thus where the finding of a certain fact necessarily controls the judgment; the omission of the court to find on other issues does not constitute error."

We are, therefore, presented here with the question of whether the second or third defenses, or both, have been proven, and, therefore, bar a recovery, no matter how valid the plaintiffs' original claim may have been. If both the second and third defenses are found to be insufficient in law upon the proof, the judgment must be reversed and the cause remanded for further proceedings according to law.

An examination of the pleadings in the action upon which the second and third defenses of election of remedies and res adjudicata are predicated discloses that the plaintiffs in direct and specific language alleged that the defendants, who were this defendant and the owner of the real estate, "employed the plaintiffs to find a purchaser" for certain described property at a price of $22,500.00, and agreed that as a commission for finding such a purchaser they could retain all over that sum which the purchaser was willing to pay. And the Court in rendering judgment for the defendant, specifically found:— "that no contract was entered into between the plaintiffs and the defendant W. M. Anderson, individually, as alleged in plaintiffs' petition."

In the petition in the action at bar, the plaintiffs allege that the defendant assumed to act as agent for the property owner in negotiating a contract between them and the property owner, whereby he was to employ them as her agents to find a purchaser for the real estate, but that no such employment resulted because the defendant was not authorized to act for the property owner. The plaintiffs allege that the defendant warranted his authority, that they relied upon his assumption of authority, acted upon it, found a purchaser, and were damaged by his breach of his warranty of authority.

It is manifest that the contract sued on in the first action

is an entirely ·different contract from that alleged in this action.

In **Norwood v McDonald, 142 Oh St 299, at 306,** it is said:

"It is to be observed that 'in the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two ·actions, a judgment in one is no bar to the maintenance of the other.' 30 American Jurisprudence, 918, Section 174. See, also, 2 Freeman on Judgments (5 Ed.), 1447, Section 687; Bell v Merrifield, 109 N. Y., 202, 16 N. E., 55, 4 Am. St. Rep., 436; Curtiss v Crooks, Trustee, 190 Wash., 43, 66 P. (2d), 1140."

Now in order to recover on the cause of action in the prior case, it was necessary for the plaintiffs to prove that the defendants employed them to secure a purchaser ready, willing, and able to buy the real estate from them. In other words, they were required to prove that defendant employed them to find a person with whom he would personally enter into contractual relations.

In the case at bar, it is sufficient for a recovery to produce evidence that defendant assumed, without authority to do so, to represent as agent for a third person, on whose behalf he employed the plaintiffs to find a purchaser for the third person's real estate, and that plaintiffs accepted said employment by the third person and found such purchaser.

Now would the proof be sufficient for a recovery in the prior action? It could only be sufficient if as a matter of law an unauthorized agent, by failing to bind his pretended principal, is automatically substituted in the contractual relation and bound by the same terms.

In Comment a under Section 329 of the Restatement of Law of Agency, it is stated:

"The rule stated in this Section applies irrespective of whether or not the agent is a party to the transaction which he purports to conduct for the principal. His lack of authority

does not make him a party to the contract, except when he signs a negotiable instrument."

The law of Ohio is in accord with this statement. In **Trust Co v Floyd, 47 Oh St 525**, it was held that the unauthorized agent, although acting in good faith, is personally responsible to those who in ignorance of his want of authority, act upon his assumption of authority. In that case, however, the facts were fully set forth in the petition and there was no necessity to determine the exact basis of the liability. However, the court, at page 540 said:

"The rule, on this subject, as stated in Story on Agency, is, that an agent cannot be sued on the very instrument itself, as a contracting party, unless there be apt words to charge him. Section 264a. Still another class of cases establish the rule, which we are inclined to adopt, that in cases like the one we are considering, the agent is liable upon his implied promise that he possesses the authority he assumes to have. Smith's Leading Cases, vol. 2, pt. 1, 408 (eighth ed.), and cases there cited. Lewis v Nicholson, 83 Eng. C. L. 512.

"In White v Madison, supra, in a learned opinion it is held, that the liability of the agent in such cases, rests upon the ground that he warrants his authority, and not that the contract is to be deemed his own."

See, also, 1 O. Jur. 798.

In Hagan v Chandler, (—— Ga. ——, 58 S. E. (2d.) 739) 126 A. L. R. 108, in which the Court held that a person who assumed to act for a non-existing person was liable on the contract made in the name of such non-existing person, discussed the distinction between that case and the case of a person assuming to act for another existing person, and at 113, et seq., said:

"In every contract there is a legal presumption that the parties thereto intend that it shall be an enforceable obligation. This is true whether the principals actually enter into the contract by themselves or through the medium of agents. In cases where the contract is entered into by an agent in the name of an existing principal, there is an additional presumption that the agent intended to bind the principal. For this to be true, however, it must appear, not only that the contract is entered into in the name of a principal who is in existence,

but also that there is nothing in the contract indicating an intention to bind the agent. Where such appears from the contract, the legal inference is that the principal and not the agent is to be bound. On the contrary, where the contract is entered into by an agent in the name of a non-existent principal, no such inference is possible; for it would be a legal absurdity to assume that an agent intended to bind a principal who was not in existence. Under such circumstances, the agent having entered into a contract which as a matter of legal presumption he intends can be enforced, and it being manifestly impossible to enforce the contract against a principal who has no existence, it is assumed that the agent intended that the contract should be enforced against him. It therefore appears that the decision of the Court of Appeals in this case is not contrary to the rulings in the cases we have had under discussion."

See, also, 2 Am. Jur., 251.

In the case at bar there was an existing person for whom it is alleged the defendant assumed to act and, therefore, the case comes under the Ohio rule, which conforms to the great weight of authority to the effect that the agent is not liable on the contract which he assumes to negotiate for such person, but is liable upon his warranty of authority.

In the first case, the plaintiffs clearly stated a case for liability against the defendant for breach of a contract, whereby he personally employed them as real estate brokers to find a purchaser of real estate. They never departed from that basis of liability. And the court by its recital in its judgment clearly indicated that the only issue adjudged was whether the defendant had so employed the plaintiffs.

We therefore hold that the record offered in proof of the second and third defenses does not prove either an election of remedies or res adjudicata.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, concur in Syllabus, Opinion and Judgment.