**BADER, Plaintiff-Appellee, v. CORBIN, d. b. a. THELMA'S BEAUTY SHOP, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2210.   Decided November 20, 1952.

Nolan, Boesch & Wolff, Dayton, Milton L. Sprowl, for plaintiff-appellee.

Otterbein Creager, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, PJ:

The appeal is from a judgment for plaintiff entered on a general verdict of a jury in her favor against the defendant in the sum of $528.73. The action was for damages for personal injuries suffered by plaintiff by reason of treatment to her hair by Thelma Daubenmeyer, an operator in a beauty shop, known as Thelma's Beauty Shop. The issue between the parties, particularly under consideration on this appeal, was whether or not the defendant operated the beauty shop, if so, was Thelma Daubenmeyer his agent and acting for him when she administered the treatment to plaintiff.

Defendant admitted that he owned the building in which the shop was operated and the equipment used in such operation but denied that he operated the beauty shop and denied that Thelma Daubenmeyer was his agent. Defendant and Miss Daubenmeyer agreed in their testimony as to the terms upon which the business was carried on. Defendant provided the building and the equipment. That of the proceeds Thelma took 50% of the gross, from the other 50% she paid all bills for supplies and operating expenses, any sum remaining was turned over each week to the defendant. This sum, so received by defendant, it is contended by him and Thelma was rental to him for the store room and equipment. It is contended by plaintiff that the arrangement was the basis for return to defendant as owner and operator of the business; that the sum paid to Thelma was wages to her as an employee and agent of defendant.

Plaintiff was permitted, over objection, to state that three days after the treatment upon which her action is predicated, Thelma said to her that she (Thelma) was running the shop for Mr. Corbin, the defendant. The Court received the testimony upon promise of plaintiff "to connect it up." It developed that the defendant had a license from the State Board of Cosmetology. Thelma also had a license to operate and a license to manage a beauty shop.

After verdict, defendant moved for judgment notwithstand-

ing the verdict and for a new trial both of which motions were overruled.

The following errors are assigned:

1. In permitting the testimony of plaintiff as to statement of Thelma that she was working for Mr. Corbin to go to the jury.

2. The Court erred, as a matter of law, in submitting the case to the jury on the evidence adduced because it was wholly insufficient to prove the agency of Thelma.

3. The verdict and judgment are against the manifest weight of the evidence.

4. Failure of the trial judge to grant a new trial upon a showing that the verdict returned by the jury was a quotient verdict.

The first three assignments are so related that they may be considered together.

Manifestly, the statement of Thelma that she was working for the defendant, if made, which she denied, would not, standing alone, prove nor tend to prove the relation of principal and agent. However, if there is other evidence direct or circumstantial tending to establish the agency relationship the declaration of the agent may be considered. Holmes v. Holland, 11 O. D. Re. 768. Sessions v. Isabel, 2 O. N. P. N. S. 288.

It is also contended that plaintiff, by her own admission, dealt with Thelma as the individual who was operating the beauty shop and that plaintiff may not be heard to maintain otherwise. It is evident that when plaintiff was treated by Thelma she did not know that she was in the employ of defendant. If there was the relation of principal and agent between defendant and Thelma it was an undisclosed relation. In such situation the party who dealt with the undisclosed agent may, upon discovery, elect to sue either the principal or the individual with whom he dealt. **Thayer v. Luce, 22 Oh St 62.**

The agreement under which Thelma and the defendant conducted the beauty shop and the division of the proceeds of the business is susceptible of the construction placed upon it by each party. The most significant evidence in behalf of the plaintiff, as to the status of defendant, is the admission that he held a certificate and a renewal of certificate from the Board of Cosmetology. His testimony is quite meager as to the nature of this certificate and it is contended by his counsel that it was such a certificate as is required to be held by the owner of a building in which a beauty parlor is conducted. We cannot so interpret the purpose or import of the only

certificate that the defendant could have been issued. The certificate must have been issued by authority of §1082-16 GC, which, in so far as applicable, reads:

"Within 60 days after the appointment of the board * * *, and annually thereafter during the month of June, every person, * * * **conducting or operating or desiring to operate a beauty parlor**, in which any one, or any combination, of the occupations of a cosmetologist are practiced; * * * shall apply to the board for a license, through the owner, manager or person in charge, in writing upon blanks prepared and furnished by the board." (Emphasis ours.)

The quoted part of this section, in our judgment, connotes that the person to whom a license, therein provided, is issued, is either conducting or operating or desires to operate a beauty parlor. The fact then, that the defendant at the time of the act alleged held a certificate under the foregoing section was probative evidence that he was operating the beauty shop. The possession of the certificate together with other facts appearing in the record supports the trial judge in permitting the statement as to the agency of Thelma to go to the jury and in submitting the other questions of agency to the jury for determination.

Nor can we hold that the verdict is manifestly against the weight of the evidence. All of the facts surrounding the operation of the beauty shop and the relation of the defendant and Thelma in its conduct were properly before the jury for resolution and the contention of the defendant that he had nothing whatever to do with its operation and no control over the operator therein likewise was clearly set forth in the evidence. In all, there was an issue of fact which was properly presented to the jury for determination.

Without extended discussion, we may not hold with the appellant on the fourth assignment of error, viz; that the verdict should not have been received because it was a quotient verdict. This Court in a case somewhat more favorable to the appellant than here, **Lund v. Kline, 24 Abs 387,** adopted the theory of appellant. However, the Supreme Court reversed, **133 Oh St 317.** The language of Judge Day, who wrote the opinion at page 319, 320 is especially pertinent:

"The ballots and slips of paper retrieved from the jury room were offered in evidence aliunde. These, however, merely show that the quotient result and the amount of the verdict are the same, but do not show the existence of a prior agreement on the part of the acquiescing jurors to be bound by the quotient result.* * *.

"Proof of a prior agreement to be bound by the quotient re-

sult cannot be furnished by affidavits or testimony of the jurors themselves, but must be by evidence aliunde."

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.