Foster, Appellant, *v.* Lee Motors, Inc., et al., Appellees.

(No. 4908—Decided February 20, 1956.)

Mr. *Richard H. Conn,* for appellant.
Mr. *Harry Mee* and Mr. *Richard Secor,* for appellees.

Fess, J. This is an appeal on questions of law from a judgment entered by the Municipal Court of Toledo on behalf of the

defendants. The case came on for trial without the intervention of a jury, and at the conclusion of plaintiff's case a motion by defendants for judgment was sustained and the petition dismissed.

Prior to the abolition of the scintilla rule in *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St., 469, 189 N. E., 246, the Supreme Court, in *Euclid Arcade Building Co.* v. *H. A. Stahl Co.* (1918), 99 Ohio St., 47, 121 N. E., 820, drew a distinction between a motion to direct a jury to return a verdict for defendant made at the conclusion of plaintiff's case and a motion for judgment on behalf of the defendant made at the close of plaintiff's case in an action tried by a court without the intervention of a jury. In the latter case, the court said that in a jury trial where some material evidence has been offered in support of the plaintiff's claim, even though counterbalanced by testimony of the defendant, the issuable facts should be submitted to a jury. But, in the case of a trial to the court, if the plaintiff at the close of his case has offered no evidence upon a material fact required to be proved, or has offered evidence of such a character as to overwhelm any prima facie case made by him, common sense would require that at the instance of the defendant the litigation should then be terminated.

In *Matthews* v. *State Mortgage & Investment Co.* (1928), 119 Ohio St., 419, 164 N. E., 418, the Court of Appeals, upon trial *de novo* of a case wherein the Common Pleas Court had entered judgment on motion of the defendant at the close of plaintiff's case, found " 'that plaintiffs have not adduced evidence sufficient in law, to show any right to the relief prayed for.' " The Supreme Court said:

"An inspection of the record in the instant case discloses that, while plaintiffs adduced some evidence tending to prove the charges of misrepresentation alleged, there is sharp conflict in the evidence presented relating to the only claimed misrepresentations of material and existing facts, thereby requiring a weighing of the evidence by the Court of Appeals, which resulted in the conclusion that the evidence was insufficient to show any right to the relief prayed for. This court will not weigh the evidence."

The judgment was affirmed.

In *Sixemore* v. *Belser* (1947), 80 Ohio App., 383, 74 N. E. (2d), 560, the Court of Appeals for Hamilton County held:

"1. In a trial without a jury, a motion for judgment at the close of the plaintiff's evidence raises not only an issue of law as to whether the defendant is entitled to judgment, but also an issue of fact as to whether the greater weight of the evidence favors the plaintiff. If the court finds that the greater weight of the evidence does not favor the plaintiff, the motion should be sustained, and judgment rendered for the defendant.

"2. On appeal from a judgment for the defendant upon sustaining a motion for judgment at the close of the plaintiff's evidence, a finding that there was substantial evidence is not sufficient to justify a reversal. The judgment cannot be reversed unless the reviewing court finds that the judgment is manifestly against the weight of the evidence."

That decision seems to comport with the decision in the *Matthews* case. It will be noted, however, that in the *Euclid Arcade* case, in which the court drew the distinction between a motion for an instructed verdict in a jury trial and a motion for judgment in a trial without a jury, the court said that if the evidence is of equal weight or the greater weight favors the defendant the motion of the defendant should be sustained. It said also that if the plaintiff, at the close of his case, has offered no evidence upon a material fact required to be proved or has offered evidence of such a character as to overwhelm any prima facie case made by him, common sense would require that, at the instance of the defendant, the litigation should be then terminated.

On the other hand, if at this stage of the proceeding the plaintiff has adduced evidence tending to prove each material allegation of his claim there is no occasion for the trier of the facts to weigh such evidence, and the motion should be overruled.

In the instant case, plaintiff seeks to recover damages arising from an alleged breach of contract for the sale of a Ford station wagon. The evidence shows, without dispute, that the defendant Randolph, the owner of the station wagon, through his agent, Lee Motors, Inc., and the latter's agent Reed, a salesman, offered to sell the vehicle in exchange for plaintiff's 1951

Ford plus $1,800 in cash. Plaintiff made a counteroffer to purchase the vehicle by exchanging his car and $1,500 in cash, which offer Randolph, through his agents, accepted. Thereafter, although plaintiff was ready, able and willing to complete the purchase, Randolph, through his subagent Reed, repudiated the contract on the ground that certain noise which had been discovered in plaintiff's car would require the expenditure of $100 incident to its repair, and Reed refused to deliver the Randolph vehicle to plaintiff except on condition that plaintiff pay the additional $100.

At the close of plaintiff's case, there was also evidence tending to show that plaintiff was damaged as a result of the breach of the contract.

At the conclusion of opening statements, counsel for defendants moved to require plaintiff to elect as to which defendant or defendants he would proceed against, and that motion was overruled by the court pending the taking of evidence. The sustaining of the motion of defendants for judgment made it unnecessary for the court to further pass upon that motion, but it does raise the question of joinder of the several defendants. As above indicated, the evidence tends to show that the defendant Randolph was the owner of the Ford station wagon and that the defendant Lee Motors, Inc., and defendant Reed acted as agents for Randolph and thereby assumed no liability, as such agents, to plaintiff.

The judgment of the Municipal Court is, therefore, affirmed with respect to the defendants Lee Motors, Inc., and Reed, and reversed with respect to defendant Randolph, and the cause is remanded to the Municipal Court for a new trial, costs to abide final judgment.

*Judgment accordingly.*

DEEDS, J., concurs.
CONN, J., not participating.