The PLAIN DEALER PUBLISHING COMPANY, Appellee,

v.

WORRELL et al., Appellants.

[Cite as *Plain Dealer Publishing Co. v. Worrell*, 178 Ohio App.3d 485, 2008-Ohio-4846.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24140.

Decided Sept. 24, 2008.

Andrew C. Voorhees and Amanda Rasbach Yurechko, for appellee.

Jeffrey N. James, for appellant.

Moore, Presiding Judge.

{¶ 1} Appellant, Martha J. Musil, appeals from the judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee, the Plain Dealer. We reverse and remand for proceedings consistent with this opinion.

I

{¶ 2} This case arises out of an action by appellee, the Plain Dealer Publishing Company, to collect a debt against Frederick "Rick" Worrell, doing business as WRL Advertising. The lawsuit also named Martha J. Musil, who placed advertising orders with the Plain Dealer. Musil placed orders on March 14, 2003, and March 28, 2003. The order form indicated that although the ad insertions for June, July, and September were cancelled, there was still a balance on the account. There was also a balance due the Plain Dealer for April and June.

{¶ 3} This lawsuit was commenced in August 2005 to collect a debt for advertising placed by Worrell. Shortly thereafter, Worrell filed bankruptcy, and as a result of the automatic stay, the trial court placed this case on the inactive docket. On January 24, 2006, the trial court granted the Plain Dealer's motion to reactivate the case as to Musil only. Subsequently, the Plain Dealer moved for summary judgment, asserting that Musil was personally liable on the contracts because WRL Advertising was a fictitious entity with no legal standing. In support of its motion for summary judgment, the Plain Dealer relied primarily on the order forms that were written when the advertising orders were placed. The forms listed Musil as the contact person and indicated that the company name was WRL Advertising, and that the bill was to be sent to WRL Advertising.

{¶ 4} Musil filed a combined response to the Plain Dealer's summary judgment motion and filed her own summary judgment motion. In her summary judgment motion, Musil confirmed that at all the relevant times, she (1) was an employee of WRL Advertising, (2) did not have an ownership interest in the company, and (3) had placed the order for advertising at the direction of her employer, WRL Advertising, of which Worrell was the owner. Musil attached to her summary judgment motion both her own affidavit and Worrell's affidavit.

{¶ 5} On February 26, 2008, the trial court filed an order granting the Plain Dealer's motion awarding judgment against Musil in the amount of $8,720, with statutory interest from July 2, 2004. Musil timely filed the instant appeal, raising two assignments of error for our review. We have combined Musil's assignments of error for ease of review.

II

### Assignment of Error I

The court erred in holding that [Musil] was liable because she was acting as an agent of an undisclosed or partially disclosed principal.

## Assignment of Error II

The court erred in holding that WRL Advertising is not a legal entity and therefore not a disclosed principal.

{¶ 6} In her assignments of error, Musil contends that the trial court erred by granting the Plain Dealer's summary judgment motion when it found that Musil was acting as an agent of an undisclosed or partially disclosed principal. She further argues that the trial court erred in finding that WRL Advertising was not a legal entity and therefore not a disclosed principal.

{¶ 7} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. at 292–293, 662 N.E.2d 264. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293, 662 N.E.2d 264. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 10} In resolving this case, we must look to the law of agency. Agency law in Ohio has been summarized as follows:

(1) *Where the agent is acting for a disclosed principal, i.e.,* where both the existence of the agency and the identity of the principal are known to the person with whom the agent deals. An agent who acts for a disclosed principal

and who acts within the scope of his authority and in the name of the principal is ordinarily not liable on the contracts he makes. *Foster v. Lee Motors, Inc.* (1956), 102 Ohio App. 10 [1 O.O.2d 476, 140 N.E.2d 817]; *Dobell v. Koch* (1921), 16 Ohio App. 41 [1921 WL 1159]. The rationale for this rule is that in this situation the third party intends to deal with the principal, not his agent. (2) *Where the principal is only partially disclosed, i.e.,* where the existence of an agency is known to the third person, but the identity of the principal is not known. Here, the agent is held to be a party to the transaction and is liable to the third party, as is the agent's principal. *Grob v. Myers* (1926), 4 Ohio Law Abs. 349 [1926 WL 2367]. See, also, *Givner v. United States Hoffman Machinery Corp.* (1935), 49 Ohio App. 410 [3 O.O. 282, 197 N.E. 354]. The reason for the rule is that since the identity of the principal is not known to the third party, he ordinarily will not be willing to rely wholly upon the credit and integrity of an unknown party. (3) *Where the principal is undisclosed, i.e.,* where neither the existence of an agency nor the identity of the principal is known to the third party. Here, the dealing is held to be between the agent and the third party, and the agent is liable. See *Davis v. Harness* (1882), 38 Ohio St. 397 [1882 WL 89]. Should the identity of the principal be discovered, he may be held liable by the third party who must elect to pursue either the principal or agent—both are not liable. See *Bader v. Corbin* (1952), 95 Ohio App. 249 [53 O.O. 188, 115 N.E.2d 711]. The rationale for the agent's liability is that since the third party was unaware of the agency, he intended to deal with the agent as an individual, not as an agent. (4) *Where there is a fictitious or nonexistent principal, or the principal is without legal capacity or status.* If an agent purports to act on behalf of such a "principal," the agent will be liable to the third party as a party to the transaction. See *Trust Co. v. Floyd* (1890), 47 Ohio St. 525 [26 N.E. 110]; *Seasongood & Mayer v. Riddle* (1923), 18 Ohio App. 88 [1923 WL 1988]. See, also, *Brawley v. Anderson* (1947), 80 Ohio App. 15 [35 O.O. 410, 74 N.E.2d 428]. One cannot be an agent for a nonexistent principal; there is no agency. This situation frequently arises where a corporate promoter enters into contracts prior to the time the corporation is actually incorporated. See *Trust Co. v. Floyd,* supra.

*James G. Smith & Assocs. Inc. v. Everett* (1981), 1 Ohio App.3d 118, 120–121, 1 OBR 424, 439 N.E.2d 932.

{¶ 11} In the instant case, the trial court determined that although Musil communicated her agency relationship to the Plain Dealer, she did not sufficiently disclose the identity of her principal. In making this determination, the trial court noted that "[i]t is also undisputed that WRL Advertising is not a legal

entity in its own right, but rather a trade name for Winfield, (sic) Bennett & Baer, LLC, which is owned and operated by Worrell." The trial court held that the use of a principal's trade name is insufficient to identify the principal. The trial court found that because she was acting, at best, on behalf of a partially disclosed principal, Musil was liable on the contracts.

{¶ 12} We note that under *Dresher*, 75 Ohio St.3d at 292–293, 662 N.E.2d 264, the Plain Dealer was required to point to the parts of the record that show an absence of a genuine issue of material fact. To do this, the Plain Dealer was required to point to some evidence of the type listed in Civ.R. 56(C). To support its contention that WRL Advertising "does not exist as an entity in the State of Ohio[,]" the Plain Dealer pointed to the affidavit of K. Archibald Russell, a credit manager at the Plain Dealer. Russell stated that he was an authorized representative of the Plain Dealer and that his affidavit was based on either personal knowledge, or on the Plain Dealer's records. Russell stated that "the entity WRL Advertising is not an entity registered with the Ohio Secretary of State, and that all contact for this advertisement was with Defendant Musil." According to Civ.R. 56(E), Russell's affidavit was required to "set forth such facts as would be admissible in evidence." This statement is of particular concern to this court, as it was the only evidence before the trial court to indicate that WRL Advertising was not registered with the Secretary of State. We note that it is not entirely clear that this evidence would have been admissible at trial, as it is not clear that Russell's affidavit was "sufficient to support a finding that the witness has personal knowledge of the matter." Evid.R. 602. "[A]ffidavits not based on personal knowledge 'have no evidentiary value and should not be considered by the court in deciding whether summary judgment is appropriate.' *Modon v. Cleveland* (Dec. 22, 1999), 9th Dist. No. 2945–M [1999 WL 1260318], at *3. Nonetheless, this Court has held that unless the opposing party objects to the admissibility of improper evidence, the trial court 'may, but need not' consider the evidence. Id., quoting *Bowmer v. Dettlebach* [*Dettlebach*] (1996), 109 Ohio App.3d 680, 684, 672 N.E.2d 1081." *Cheriki v. Black River Industries Inc.,* 9th Dist. No. 07CA009230, 2008-Ohio-2602, 2008 WL 2229632, at ¶ 6. Musil did not object to the admissibility of this evidence and therefore, the trial court was able to consider it.

{¶ 13} The parties do not contest the fact that Musil communicated to the Plain Dealer that she was working on behalf of a principal. In its brief, the Plain Dealer asserts that "Musil dealt directly with [the] Plain Dealer and held herself as acting on behalf of 'WRL Advertising.' Musil executed two contracts on behalf of 'WRL Advertising[,]' an entity that does not exist in Ohio." Therefore, Musil properly notified the Plain Dealer that she was acting as an agent. In Ohio, an agent is liable to a third party when she contracts in the name of a

nonexistent or fictitious principal or assumes to act as an agent for a principal who has no legal status or existence. See *James G. Smith & Assocs.*, 1 Ohio App.3d at 121, 1 OBR 424, 439 N.E.2d 932. See also *Farmers' Co-op. Trust Co. v. Floyd* (1890), 47 Ohio St. 525, 26 N.E. 110 and *Seasongood & Mayer v. Riddle* (1923), 18 Ohio App. 88, 1923 WL 1988. We hold that Musil was not acting on behalf of a fictitious entity or an entity that does not exist in Ohio, but rather that WRL Advertising was a fictitious *name* for Wingfield, Bennett, & Baer, L.L.C.

{¶ 14} Under R.C. 1329.01, a fictitious name is defined as "a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name." R.C. 1329.01(A)(2). Further, "any person *may* register with the secretary of state, on a form prescribed by the secretary of state, any trade name under which the person is operating." (Emphasis added.) R.C. 1329.01(B). If an entity declines to register a trade name with the secretary of state, then the name is, by default, a fictitious name. See R.C. 1329.01(D). In such a case, the entity is required to report the use of the fictitious name to the secretary of state. Id. Therefore, in the instant case, although throughout its opinion the trial court refers to WRL Advertising as a trade name, because WRL Advertising was not a registered trade name with the secretary of state, it was a fictitious name.

{¶ 15} The Plain Dealer points to *James G. Smith & Assocs.* for the proposition that Musil was acting on behalf of a fictitious entity and is therefore liable on the contract. While we cite *James G. Smith* in this opinion, as well as in past opinions, insofar as it sets forth a comprehensive view of Ohio agency law, we do not agree with the outcome of the case. In *James G. Smith*, the Tenth District found an agent liable on contracts that he signed on behalf of his company's trade name. Both the corporation, Dale F. Everett Company, Inc., and the trade name, The Clubhouse, were registered with the secretary of state. The Tenth District found that because the evidence presented at trial did not show that the third party was aware that the appellant was acting on behalf of Dale F. Everett Company, Inc., the appellant was liable on the contract. We do not agree with the Tenth District's reasoning on this point. We do not take issue with the Tenth District's review of Ohio agency law; rather, we decline to follow its application of that law to the instant facts. Instead, we find a distinction between a fictitious *name* and a fictitious or nonexistent *principal.*

{¶ 16} "A corporation may use a name other than its corporate name in the conduct of its business." Baldwin's Ohio Practice Business Organizations, Section 17:9. For example, "[a]n action may be commenced or maintained against the user of a fictitious name whether or not the name has been reported," but a person doing business under an unreported fictitious name cannot bring an action against a third party in that name. Id. In the instant case, the parties do not

dispute that Wingfield, Bennett & Baer L.L.C. was registered with the Secretary of State. We find that Wingfield, Bennett & Baer is therefore not a fictitious or nonexistent principal for agency law purposes. Further, viewing the evidence in the light most favorable to the nonmoving party, Musil, we note that WRL Advertising was a fictitious *name* for Wingfield, Bennett & Baer and that Musil was acting on behalf of Wingfield, Bennett & Baer, which was in turn using a fictitious name.

{¶ 17} An agent will "avoid personal liability for debts of the corporation only if he complies with the rules which apply in all agency relationships—he must so conduct himself in dealing on behalf of the corporation with third persons that those persons are aware that he is an agent of the corporation and it is the corporation (principal) with which they are dealing, not the agent individually." *James G. Smith*, 1 Ohio App.3d at 120, 1 OBR 424, 439 N.E.2d 932. In the instant case, Musil disclosed that she was acting on behalf of a principal, and therefore, the Plain Dealer knew that it was not dealing with Musil individually. We note that the Plain Dealer knew it was dealing with an entity, but that entity was using the fictitious name WRL Advertising. We do not find, as the Plain Dealer has urged, that the use of a name other than Wingfield, Bennett & Baer in the conduct of business would render Musil liable as an agent of a nonexistent or fictitious principal. As we find that Musil was acting on behalf of a legal entity using a fictitious *name*, we hold that the trial court erred when it granted the Plain Dealer's motion for summary judgment. Accordingly, we reverse and remand for proceedings consistent with this opinion.

{¶ 18} Musil's two assignments of error are sustained.

### III

{¶ 19} Musil's two assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.

> Judgment reversed
> and cause remanded.

DICKINSON and BAIRD, JJ., concur.

BAIRD, J., retired, of the Ninth District Court of Appeals, sitting by assignment.