DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a judgment entered by the Erie County Court of Common Pleas, regarding claims for payment for materials furnished in the *Page 2 
construction of a public improvement project. Because we conclude the trial court erred in granting summary judgment in favor of appellees, Mosser Construction Inc. ("Mosser") and Travelers Casualty Surety Company of America ("Travelers"), and in its determination of personal liability against appellant, Robert S. Hunt ("Hunt"), we reverse.
 {¶ 2} Appellant, VP Consolidated Holdings, Inc. ("VP Consolidated"), filed suit against Robert S. Hunt, and appellees Mosser and Travelers, claiming that payment had not been made for materials provided to Mosser during a public improvement project for the city of Sandusky, Ohio. Mosser was the construction company in control of the entire project. Travelers issued the bond to guarantee payment to subcontractors and other materialmen. Hunt was the president of Horner Construction Company Inc. ("HCCI"), which served as a conduit between VP Consolidated and Mosser for building materials. Stipulations by the parties filed on September 4, 2007, included the following:
 {¶ 3} 1. Horner Construction, Inc., charter number 594698, was voluntarily dissolved by the Secretary of State of the State of Ohio on November 27, 1991.
 {¶ 4} 2. Horner Construction, Inc., was dissolved as a result of its sale to Horner Construction Company, Inc.
 {¶ 5} 3. Horner Construction Company, Inc., charter number 79089, was incorporated on February 1991. Robert Hunt has been the president of Horner Construction Company, Inc., since its incorporation. *Page 3 
 {¶ 6} Ultimately, all parties filed motions for summary judgment. The trial court granted Mosser's and Travelers' motion on the basis that VP Consolidated's notice of furnishing was not timely served on Mosser. The court denied VP Consolidated's and Hunt's motions. Based upon the evidence submitted, the trial court then found Hunt personally liable on the amounts owed by HCCI to VP Consolidated.
 {¶ 7} VP Consolidated now appeals from the grant of summary judgment, arguing the following sole assignment of error:
 {¶ 8} "Under R.C. 153.56, subcontractors and materials suppliers seeking to protect their rights under a public improvement must serve notice of furnishing on the principal contactor. R.C. 153.56(C) requires that this notice be in the form provided in R.C. 1311.261. Under R.C. 1311.261, if a notice of furnishing is sent by certified mail, service is complete on the date of mailing. In its April 24, 2007 Judgment Entry, the trial court erred in granting summary judgment in favor of Mosser and Travelers and holding that under R.C. 153.56, service of VP's Notice of Furnishing made by certified mail was complete on the date it was received by Mosser as opposed to the date it was mailed by VP."
 {¶ 9} Robert S. Hunt also appeals from the court's judgment and argues the following sole assignment of error:
 {¶ 10} "The trial court erred when it entered judgment finding that Robert S. Hunt was personally liable to VP as an agent for an undisclosed principal when the manifest weight of the evidence, the facts stipulated by the parties and the court's own findings of *Page 4 
fact proved that Robert S. Hunt did disclose the existence of his agency and the identity of his principal."
 I. {¶ 11} Appellant, VP Consolidated, argues that the trial court erred in determining that service of its notice of furnishing was complete when received by Mosser. We agree.
 {¶ 12} Along with its bid for a public improvement contract, a person must file a bid guaranty: either a bond for the full amount of the bid, or a certified check, cashier's check or letter of credit equal to ten percent of the bid. R.C. 153.54. R.C. 153.56, which applies to creditors of public improvements, provides, in pertinent part, that:
 {¶ 13} "(A) Any person to whom any money is due for labor or work performed or materials furnished in a public improvement as provided in section 153.54 of the Revised Code, at any time after performing the labor or work or furnishing the materials, but not later than ninety days after the completion of the contract by the principal contractor and the acceptance of the public improvement * * * shall furnish the sureties on the bond, a statement of the amount due to the person.
 {¶ 14} "(B) A suit shall not be brought against sureties on the bond until after sixty days after the furnishing of the statement described in Division (A) of this section. * * *
 {¶ 15} "(C) To exercise rights under this section, a subcontractor or materials supplier supplying labor or materials that cost more than thirty thousand dollars, who is *Page 5 
not in direct privity of contract with the principal contractor for the public improvement, shall serve a notice of furnishing upon the principal contractor in the form provided in section 1311.261 of theRevised Code." (Emphasis added.)
R.C. 1311.261 provides the requirements and the form to be used for the notice of furnishing when the materials have been provided for a public improvement project; R.C. 1311.05 provides the same information regarding mechanics liens on private construction.
 {¶ 16} R.C. 1311.19(B) provides, in pertinent part, that:
 {¶ 17} "(B) For purposes of this chapter, service is complete upon receipt by the party being served except as provided in division (H) of section 1701.07 of the Revised Code and except, for the purposes ofsections 1311.05 and 1311.261 of the Revised Code, if service of anotice of furnishing is made by certified mail, service is complete onthe date of the mailing. * * *" Thus, when a notice of furnishing for either a private or public improvement is sent by certified mail, service is considered complete on the date of mailing.
 {¶ 18} In this case, VP Consolidated sent its notice of furnishing to Mosser and HCI by certified mail on April 5, 2005. Consequently, service was complete on April 5, 2005, the date of mailing. Contrary to appellees' argument, the service for the notice of furnishing is prerequisite to and separate from service of a suit for collection against the bond. Therefore, the trial court erred in determining that service of the notice of furnishing was not complete until the notice was received. *Page 6 
 {¶ 19} Accordingly, appellant VP Consolidated's sole assignment of error is well-taken.
 II. {¶ 20} Appellant, Robert S. Hunt, claims that the trial court erred in determining that he was personally liable for claims against HCI, because Hunt allegedly failed to disclose his agency relationship to and identity of the principal, HCI.
 {¶ 21} To avoid personal liability, an agent must disclose to the party with whom he is dealing (1) the agency relationship, and (2) the identity of the principal. If disclosure is not made, the agent may be held liable for contracts entered into in his own name. James G. Smith Assoc, Inc. v. Everett (1981), 1 Ohio App.3d 118, 120. In addition, an agent will avoid personal liability for debts of the corporation if he conducts "himself in dealing on behalf of the corporation with third persons that those persons are aware that he is an agent of the corporation and it is the corporation (principal) with which they are dealing, not the agent individually." Id. Furthermore, an officer of a corporation is not personally liable on contracts for which the officer's principal is liable, unless the officer intentionally or inadvertently binds himself as an individual. Centennial Ins. Co. v. VicTanny Internatl. (1975), 46 Ohio App.2d 137, 142. "Whether or not [the officer] is so bound, unless expressly stated, depends upon the intent of the parties." Id.
 {¶ 22} In Ohio, an agent may also be liable to a third party when he contracts in the name of a nonexistent or fictitious principal or assumes to act as an agent for a *Page 7 
principal who has no legal status or existence. Plain Dealer PublishingCo. v. Worrell, 178 Ohio App.3d 485, 2008-Ohio-4846, ¶ 13, citing toJames G. Smith Assocs., supra, at 121. Nevertheless, "a corporation may use a name other than its corporate name in the conduct of its business." Plain Dealer Publishing Co., supra, at ¶ 16, citing to Baldwin's Ohio Practice Business Organizations, Section 17:9. For example, "[a]n action may be commenced or maintained against the user of a fictitious name whether or not the name has been reported," but a person doing business under an unreported fictitious name cannot bring an action against a third party in that name. Id. Thus, a distinction has been found between a fictitious name and a fictitious or nonexistentprincipal. Id. at ¶ 15.
 {¶ 23} Under R.C. 1329.01, a fictitious name is defined as "a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name." R.C. 1329.01(A)(2); Plain Dealer Publishing Co., supra, ¶ 14. Further, "any person may register with the secretary of state, on a form prescribed by the secretary of state, any trade name under which the person is operating." (Emphasis added.) R.C. 1329.01(B). If an entity does not register a trade name with the secretary of state, then the name is, by default, a fictitious name. See R.C. 1329.01(D). An agent who acts on behalf of an entity merely using a fictitious name, does not act as an agent of a non-existent or fictitious principal. See Plain DealerPublishing Co., supra, at ¶ 17.
 {¶ 24} In this case, Hunt testified in deposition that he purchased the assets of HCI, which then became Horner Construction Company, Inc. HCI was then dissolved. Hunt was the president of HCCI from 1991 until January 2006. Although HCI itself no *Page 8 
longer existed as a registered, legal entity, the business continued under the new registered name of "HCCI." Hunt's new company, however, through inadvertence, mistake, ignorance, or a perpetuated typographical error, continued to use the name "HCI" for the purposes of contracting with VP Consolidated.
 {¶ 25} The evidence in the record undisputedly shows that Hunt represented a real, legally registered principal, HCCI, and Hunt was its agent. Nothing in the record suggests that the use of "HCI" was an attempt to hide the identity of HCCI or to perpetrate any deception or fraud on VP Consolidated. VP Consolidated knew that Hunt was the president of a company that acted as a conduit for the purchase and provision of building materials to Mosser Construction. Therefore, despite the fact that the paperwork used the name "HCI" instead of "HCCI," we conclude that Hunt did not act for an undisclosed agent.
 {¶ 26} Under the facts of this case, "HCI" was a fictitiousname, not a fictitious or non-existent principal, because a real, properly registered principal did, in fact, exist-HCCI. Nothing in the record suggests that VP Consolidated was prejudiced or harmed by the use of the name "HCI" instead of "HCCI." Nor does the record suggest that by using "HCI," Hunt was attempting to deceive VP Consolidated or that he represented a fictitious company. Rather, "HCI" was used in the nature of a trade name.
 {¶ 27} Moreover, nothing in the record suggests that Hunt ever acted in any capacity other than that of the officer of a corporation, HCCI. Hunt did not voluntarily or personally bind himself or accept liability for HCCI's debts. Consequently, we conclude *Page 9 
that, under the facts of this case, the mere use of "HCI" instead of "HCCI" does not render Hunt personally liable for HCCI's debts. Therefore, the trial court erred, as a matter of law, in determining that Hunt was personally liable for HCCI's debt to VP consolidated.
 {¶ 28} Accordingly, appellant Hunt's sole assignment of error is well-taken.
 {¶ 29} The judgment of the Erie County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Appellees Mosser and Travelers, and VP Consolidated, as an appellee, are ordered to share the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., William J. Skow, P.J., CONCUR. *Page 1