[Cite as *Musarra v. Griffin*, 2011-Ohio-5002.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LEAH MUSARRA, et al.

    Appellant

    v.

ROGER GRIFFIN, EXECUTOR

    Appellee

C.A. No.     25571

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 09 03 2101

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Rosario Musarra began building a house for himself, his wife Leah, and his son Mark. Because he wanted Mark to gain construction experience, he asked him to oversee the project and granted him a power of attorney. Mr. Musarra also put money in a bank account for Mark to use to pay contractors. Mr. Musarra died, however, a few months before the house was finished. Despite Mr. Musarra's death, Mark and Leah finished the house, allegedly using some of their own money to pay contractors when the funds that were in the bank account ran out. They filed a claim with the executor of Mr. Musarra's estate, seeking to recover the amount they paid contractors from their own assets and for any amounts that were still owed to contractors. When the executor denied their claim, the Musarras sued the estate. The trial court assigned the case to a magistrate, who determined that the Musarras could not recover from Mr. Musarra's estate. In particular, he determined that an agent cannot recover from his principal on behalf of

unpaid creditors. He also determined that there was no evidence that the Musarras used their own funds to pay Mr. Musarra's debts. The Musarras objected, but the trial court adopted the magistrate's decision and entered judgment for the estate. The Musarras have appealed, arguing that the court incorrectly allowed the estate to withdraw a stipulation after they finished presenting their case and that it incorrectly concluded that they could not collect on the contracts Mark had entered into under the power of attorney. We affirm because the trial court did not allow the estate to withdraw from a stipulation and it correctly determined that the Musarras could not recover from the estate.

## PROCEDURAL BACKGROUND

{¶2} The Musarras filed a complaint against Mr. Musarra's estate, seeking to recover for any construction expenses that were unpaid at the time of Mr. Musarra's death. The estate counterclaimed against Leah, alleging that, because ownership of the house transferred to her upon Mr. Musarra's death, she would be unjustly enriched if it had to pay all of the construction costs. The case was heard by a magistrate, who determined that the Musarras could not recover from the estate on behalf of its unpaid creditors. He also determined that the Musarras had failed to prove that they used their own funds to pay contractors.

{¶3} Ten days after the magistrate entered his decision, the Musarras objected to it, arguing that his findings were contrary to the weight of the evidence and that he had incorrectly concluded that Mark could not sue the estate on behalf of the contractors. The Musarras also requested additional time to file a memorandum in support of their objections until after the transcript was filed. The trial court granted their motion. A month later, the Musarras filed another "[o]bjection" to the magistrate's decision, arguing that he had incorrectly determined Finding of Fact #23, regarding whether they had paid any of the contractors from their own

funds. They also argued that the magistrate incorrectly decided Conclusion of Law #3, regarding whether Mr. Musarra was indebted to the contractors, and Conclusion of Law #4, regarding whether they could recover on their claims. They filed a memorandum of law in support of their objection.

{¶4} The trial court reviewed the Musarras' objections, but determined that there was "no error of law or defect on the relevant facts in the Magistrate's Decision." It adopted the magistrate's decision, found in favor of the estate on the Musarras' claims, and denied the estate's counterclaim as moot. The Musarras have appealed, assigning two errors.

STIPULATION

{¶5} Mark and Leah Musarra's first assignment of error is that the trial court incorrectly allowed the estate to withdraw from a stipulation too late during trial, which resulted in unfair surprise and a finding that they had failed to present the evidence that they claim the stipulation covered. According to the Musarras, the parties had stipulated that the invoices they submitted established that the total amount of work performed by contractors that was unpaid at the time of Mr. Musarra's death was approximately $145,000. The Musarras have argued that the purpose of the stipulation was so they would not have to call each of the individual contractors as witnesses. After they rested, however, the estate argued that the Musarras should have called the contractors to establish when the unpaid work was performed.

{¶6} The Musarras' argument is without merit. At the beginning of the trial, the Musarras' lawyer explained that, regarding the contractor invoices, the parties were stipulating "that the work was done, again, not who is responsible to pay it[.]" Neither side indicated that there was a stipulation about when the contractors performed the work, only that the work had been done.

**{¶7}** Only two of the twelve invoices submitted by the Musarras indicate the specific date the described work was done. Accordingly, even if what the Musarras' lawyer told the court could be interpreted as a stipulation that everything that was written on the invoices was true, it would not establish the dates on which most of the unpaid work was done. Mark Musarra testified that he did not receive some of the invoices until many months after the work was completed. Since the invoices themselves did not explain when the work was done, the court correctly found that there could not have been a stipulation regarding that issue.

**{¶8}** We further note that whether there was a stipulation appears to have been irrelevant. One of the issues at trial was whether the contractors did the unpaid work after Mark Musarra received the power of attorney but before Rosario Musarra's death. The magistrate found that, despite the lack of a stipulation about when the work was done, "[b]ased on a review of the invoices and testimony, it appears that the majority of the work on the subject house was performed during the pendency of the power of attorney[.]" The magistrate's finding was consistent with Mark's testimony that most of the work described in the invoices had been performed before Mr. Musarra's death. The court denied the Musarras' claim, not because there was no evidence about when work was done, but because they did not establish that they were entitled to recover for the work, whenever it was done.

**{¶9}** The Musarras have also argued that they were prejudiced by the withdrawal of the stipulation because, if the stipulation had remained in place, they would not have needed to present evidence regarding which invoices they paid with their own assets. According to them, "[i]t was error to base a decision upon the lack of cancelled checks or other evidence because the parties had previously stipulated that the total amount of work completed on the project was [approximately $145,000]."

{¶10} The Musarras' argument is illogical. The amount that they were seeking from the estate was approximately $145,000. The amount that they claimed to have already paid to contractors with their own funds was approximately $45,000. The fact that the overall cost of work performed on the house was $145,000 does not establish that they paid $45,000 to contractors for that work from their own funds. While it is true that some of the invoices indicate that they were paid in part, they do not indicate whether they were paid with money from the account Mr. Musarra funded, from Mark's own funds, or from Leah's own funds. The Musarras could not reasonably have thought that they could rely on a stipulation regarding the amount of work performed on the house to prove that they paid for that work with their own funds. We, therefore, conclude that the trial court correctly determined that the stipulation had "nothing to do" with whether the Musarras paid some of the contractors with their own funds. The Musarras' first assignment of error is overruled.

## OUTSTANDING INVOICES

{¶11} The Musarras' second assignment of error is that the trial court incorrectly determined that they could not collect from the estate to satisfy contracts that Mark made for Mr. Musarra under a valid power of attorney. They have argued that they should be able to collect from the estate because they paid some of the debts off with their own funds and because they are liable to the contractors for any unpaid balances.

{¶12} Regarding the Musarras' argument that they paid contractors approximately $45,000 with their own funds, we note that, even though Mark and Leah testified that they paid contractors from their own funds, the magistrate found that they had not proved their claim by a preponderance of the evidence. In particular, he rejected their claim because they had not presented any cancelled checks to verify that they paid contractors or establish how much they

had paid. The trial court upheld the magistrate's determination, finding that the Musarras did not have "proof to support their claim that payments were indeed made."

{¶13} The Musarras have not directed this Court to any evidence in the record, other than their own testimony, that supports their claim that they paid the contractors with their own funds. Rather, they argue, again, about the stipulation regarding the $145,000. As previously explained, the stipulation, whether withdrawn or not, was insufficient to establish that the Musarras paid contractors with their own funds for work approved by Mr. Musarra.

{¶14} The Musarras' other argument is that they should be able to recover from the estate because, if it does not pay, they will be liable to the contractors. Regarding Leah Musarra, we note that she specifically argued in her post-trial brief to the magistrate that she cannot be held liable for her husband's contractual debts. Accordingly, she invited any error regarding this issue. *State ex rel. Bitter v. Missig*, 72 Ohio St. 3d 249, 254 (1995) ("Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make.").

{¶15} Regarding Mark Musarra, the magistrate noted that this "is not the typical breach of contract action brought by a plaintiff creditor against the defendant agent / defendant principal or where the defendant asserts an affirmative defense based upon the agency/principal relationship." Instead, Mark, as Mr. Musarra's agent, sought a preemptive judgment against the estate in case he was later found liable to the contractors. The magistrate noted, however, that he had not identified any cases in which an agent had been allowed to stand in the shoes of a true creditor. The magistrate was also unable to find any cases himself. He, therefore, concluded that no such cause of action exists.

{¶16} At the time Mark Musarra hired the contractors, he was either acting as Mr. Musarra's agent or not. If he was not acting as Mr. Musarra's agent, the estate cannot be liable to the contractors, even under a theory of unjust enrichment, because, upon Mr. Musarra's death, his interest in the property transferred immediately to Leah Musarra by operation of a survivorship deed. See *Univ. Hosps. of Cleveland Inc. v. Lynch*, 96 Ohio St. 3d 118, 2002-Ohio-3748, at ¶60 (explaining that unjust enrichment requires retention of "money or benefits which in justice and equity belong to another.") (quoting *Hummel v. Hummel*, 133 Ohio St. 520, 528 (1938)). Mark Musarra, therefore, would not have had any shoes to step into. If he was acting as Mr. Musarra's agent, he is liable to the contractors only if he did not disclose that he was acting on behalf of Mr. Musarra. See *Sommer v. French*, 115 Ohio App. 3d 101, 103-04 (1996) ("It is an elemental principle of agency law that in order to preclude personal liability, an agent must disclose not only his principal, but also the agency relationship."); see also *Plain Dealer Publishing Co. v. Worrell*, 178 Ohio App. 3d 485, 2008-Ohio-4846, at ¶10 (explaining difference in agent's liability depending on whether principal was disclosed, partially disclosed, undisclosed, or fictitious) (quoting *James G. Smith & Assocs. Inc. v. Everett*, 1 Ohio App. 3d 118, 120-21 (1981)).

{¶17} Several of the invoices submitted by the Musarras contain only Mark Musarra's name, which could suggest that Mr. Musarra was an undisclosed principal. The contractors who testified at trial, however, said that they knew that Mark was overseeing the construction project on behalf of Mr. Musarra. Two of those contractors were among those that had only put Mark's name on their invoices. Upon review of the record, we conclude that it supports the trial court's conclusion that Mark Musarra failed to prove that he should be allowed to preemptively recover

from the estate because he might be liable to the contractors under agency law. The Musarras' second assignment of error is overruled.

CONCLUSION

{¶18} The Musarras failed to prove that they paid contractors from their own funds or that they had a right to recover from Mr. Musarra's estate for his unpaid debts. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

WHITMORE, J.
CONCURS


APPEARANCES:

GREGORY T. PLESICH, Attorney at Law, for Appellant.

SANDY A. DIFIORE, Attorney at Law, for Appellee.