DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David Naylor ("Husband"), appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which granted a divorce to Husband and appellee, Charisse Naylor ("Wife"). This Court affirms.
 I. {¶ 2} Husband and Wife were married November 21, 1981, and Wife filed for divorce on January 4, 2002. Three children were born of the marriage, one of whom, at age 15, remained unemancipated at the time of the divorce decree, which was journalized on August 28, 2003. Husband appeals from the judgment of the trial court and assigns four errors for review.
 II. ASSIGNMENT OF ERROR I
"The trial court abused its discretion in setting spousal support in the amount of $715.00, which was later raised to $1,765.00 per month upon sale of the marital residence in that said amounts were arbitrary, unreasonable, or unconscionable under R.C. § 3105.18(C)(1)."
 {¶ 3} In his first assignment of error, Husband contends that the trial court abused its discretion in setting the amount of spousal support. Specifically, he contends that the trial court failed to indicate a sufficient basis for the award and also contends that the determination of the amount is arbitrary and unreasonable. Husband's argument is without merit.
 {¶ 4} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C.3105.18(B). R.C. 3105.18(C)(1) sets forth the factors that a court shall consider in determining an award of spousal support. R.C. 3105.18(C)(1) provides:
"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * * the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 5} A trial court shall be guided by the factors contained in R.C. 3105.18(C)(1) in awarding spousal support; however, the amount of support remains within the discretion of the court.Moore v. Moore (1992), 83 Ohio App.3d 75, 78, citing Holcombv. Holcomb (1989), 44 Ohio St.3d 128, 130-31. Accordingly, a trial court's decision on these issues will not be overturned absent an abuse of discretion. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. An abuse of discretion involves more than an error of judgment; it implies that the domestic relations court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 219. The burden is on the party challenging the award to establish an abuse of discretion. Shuler v. Shuler (Oct. 27, 1999), 9th Dist. No. 98CA007093. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 6} The trial court indicated in its judgment entry that it considered all of the statutory factors contained in R.C.3105.18. The court also made the following findings.
 {¶ 7} The parties were married for 21 years. During the marriage, the parties enjoyed a nice standard of living, with a $200,000 home, and each having use of a car. The family was able to go out to dinner and movies.
 {¶ 8} Husband, 47 years of age and in good health, has a bachelor's degree in civil engineering, and obtained an M.B.A. degree during the marriage. At the time of the divorce decree, he was employed as a middle manager at Babcock Wilcox, and had a gross annual salary of $94,440, with annual bonuses ranging up to $5,000.
 {¶ 9} Wife, 48 years of age and in good health, has a bachelor's degree in home economics, but had never been employed in a field related to her degree. The parties apparently agreed that Wife would provide care for the couple's three children and the household, while Husband pursued his career. Husband's employment required that the family relocate 11 times during the course of the marriage, including one overseas assignment. Wife did not work outside of the home for the first 13 years of the marriage. At that point, with all the children in school, Wife had a series of comparatively unskilled, part-time jobs, including office receptionist, retail sales clerk, and waitress. Many of the jobs lasted only several months. Her recent annual earnings ranged from $4,187 to $7969. Wife currently anticipates moving to Kansas where extended family resides and is not employed. The trial court found that Wife was capable of working full time and earning minimum wage, projecting to an annual income of $10,712.
 {¶ 10} The court indicated that it awarded child support and spousal support "in an amount such that after payment of debt the parties' disposable income will be virtually equivalent." It considered retirement benefits and tax consequences. The trial court, therefore, ordered spousal support of $715 per month, until the marital residence was sold and certain debts were paid from the proceeds, at which time spousal support shall be increased to $1,765 per month.
 {¶ 11} The trial court considered the factors set forth in R.C. 3105.18(C)(1). Evidence was presented to substantiate the findings and conclusions of the trial court. Furthermore, the trial court indicated the basis of its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. Consequently, this Court cannot say that the trial court abused its discretion. Husband's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion in failing to set a date certain for the duration of spousal support."
 {¶ 12} Husband argues that the trial court abused its discretion in failing to establish a termination date for the spousal support award. Husband's argument is without merit.
 {¶ 13} The Supreme Court of Ohio has stated that spousal support awards should generally terminate upon a date certain, except in cases involving a marriage of long duration, parties of advanced age, or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus. This Court has previously indicated that a marriage of long duration will permit a trial court to award spousal support of indefinite duration without abusing its discretion or violating the principles of Kunkle. Bowen v. Bowen (1999),132 Ohio App.3d 616, 627. In Bowen, this Court determined that a marriage of twenty years constituted a marriage of long duration, and justified an indefinite award. Id. In the present case, the marriage lasted 21 years and Wife lacked the opportunity to develop employable skills and meaningful employment outside the home.
 {¶ 14} This Court also notes that a trial court's failure to establish a termination date for spousal support is not an award for life when that court retains jurisdiction to reduce or terminate the support award at any time based on a change in either party's circumstances. Bowen, 132 Ohio App.3d at 627. Here, the trial court specifically retained such jurisdiction. Accordingly, Husband's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court abused its discretion in failing to provide credit to defendant on defendant's service of the marital debt between the date of the decree and the sale of the marital residence."
 {¶ 15} Husband contends that the trial court abused its discretion in dividing the marital property by not providing him with credit for payments on marital debts from the time of the decree until the sale of the marital residence.
 {¶ 16} A trial court is vested with broad discretion when fashioning a division of marital property. Bisker v. Bisker
(1994), 69 Ohio St.3d 608, 609. A reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218.
 {¶ 17} In his supporting argument, Husband states correctly that the trial court held that an equitable division of marital property and marital debt was appropriate. However, Husband is incorrect in asserting that the trial court's order to give Wife the amount of $12,879.02 from proceeds of the sale of the marital house was "over and above the one-half value of marital property." Rather, the trial court granted Wife property with a fair market value of $2,578.61 and granted Husband property with a fair market value of $15,457.03. Then, the trial court ordered that the first $12,879.02 of the net proceeds from the sale of the house "shall be distributed to [Wife] to equalize the aboveproperty division." (Emphasis added.) Wife's property, valued at $2,578.61, plus proceeds in the amount of $12,879.02 precisely equals Husband's property, valued at $15,457.63.
 {¶ 18} Next, Husband contends that the trial court failed to credit him with the $5,565.05 he paid on the credit card balance from the time of the filing of the divorce decree until the time the marital residence was sold. However, the divorce decree specifically states: "[Husband] should pay the monthly debt service on [certain debts including credit card debt] and hold [Wife] harmless until the house is sold and the proceeds distributed to pay off the then existing balances on those debts."
 {¶ 19} The trial court's order obligated Husband to make the monthly payments on credit card debts until the house was sold. For her part, Wife was obligated to pay one-half of the mortgage payments until the house was sold. After application of the remaining proceeds from the sale of the house, outstanding debt balances were to be divided equally. Husband was, therefore, not entitled to additional credit for the amount by which the credit card balances were paid down, between the time of issuance of the divorce decree and the time the house was sold.
 {¶ 20} Husband has failed to demonstrate an abuse of discretion by the trial court in fashioning the property division. The third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The trial court abused its discretion in failing to provide credit to defendant on defendant's service of the marital debt between the filing of the divorce action on january 4, 2002 and the date of the decree filed August 28, 2003."
 {¶ 21} Husband asserts that the trial court abused its discretion in failing to give him credit for $52,718.92 in payments, including payments towards the mortgage on the marital residence, car loans, and credit card debt made during the pendency of the divorce action. Husband claims that the trial court should have conferred a credit in one-half of that amount to him, in equity. This Court finds no abuse of discretion in the trial court's failure to credit husband with such payments.
 {¶ 22} As stated above, a trial court is vested with broad discretion in the division of marital property. Bisker,69 Ohio St.3d at 609. The court's judgment will not be overturned on appeal unless the decision is unreasonable, arbitrary or unconscionable. Blakemore, 5 Ohio St.3d at 218.
 {¶ 23} The record in this case reveals that Husband was the primary wage earner for this family. He had always been responsible for maintaining and paying the mortgage and car payments, and Wife had been sporadically employed in comparatively unskilled, part-time jobs.
 {¶ 24} The record further indicates that Wife moved for temporary orders on the same day that the divorce proceedings were initiated. Following a hearing, the magistrate entered a temporary order regarding mortgage payments, automobile loans, and other expenses. The magistrate's temporary order specifically found the following:
"The parties agreed that the Husband should continue to paythe mortgage and Wife's vehicle payments. In light of this agreement, the magistrate finds that it is not reasonable to require the Husband to make additional payments for spousal support. He should, of course, pay child support in accordance with the statutory guidelines, or $1,264.67 per month." (Emphasis added.)
 {¶ 25} Temporary orders normally remain in effect until the journalization of the final judgment, and are merged into the final divorce decree. Colom v. Colom (1979), 58 Ohio St.2d 245, syllabus. At the time of the final divorce decree, the trial court was able to review the entire financial picture of the parties and make a reasonable division of property in its decree. As indicated above, in addressing child support, spousal support, and payment of marital debt, the trial court took care to attempt to equalize the parties' disposable income overall.
 {¶ 26} This Court concludes that the trial court did not abuse its discretion by not additionally crediting Husband for these payments when it fashioned its final decree. Accordingly, the fourth assignment of error is overruled.
 III. {¶ 27} Husband's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J., Concur.