DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gerald A. Schieve, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which granted appellee, Judith J. Schieve, spousal support and denied appellant's motion for attorney's fees. This Court affirms.
 I. {¶ 2} Appellant and appellee were married on February 1, 1964. Three children were born as a result of the marriage. All three children were emancipated at the time the parties' divorce decree was issued on September 30, 2003.
 {¶ 3} The parties resolved by agreement all issues except for the issue of spousal support, which was submitted to the court on briefs. On September 30, 2003, the trial court issued a judgment entry/divorce decree, adopting the stipulations of the parties and awarding appellee spousal support in the amount of $2,650.00 per month, plus 2% poundage, "until the earlier occurrence of the remarriage or cohabitation of the wife, or the death of either party." The trial court also overruled appellant's motion for attorney's fees relating to his motion to compel.
 {¶ 4} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] IN ITS DETERMINATION OF SPOUSAL SUPPORT AS IT RELATES TO AN EXCESSIVE TERM AND AMOUNT."
 {¶ 5} In his first assignment of error, appellant argues that the trial court erred in its award of spousal support to appellee. Appellant challenges both the amount and duration of his spousal support obligation. This Court disagrees.
Amount of Spousal Support
 {¶ 6} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C. 3105.18(B). R.C. 3105.18(C)(1) sets forth the factors that a court shall consider in determining an award of spousal support. R.C. 3105.18(C)(1) provides:
"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, * * * the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 7} A trial court shall be guided by the factors contained in R.C. 3105.18(C)(1) in awarding spousal support; however, the amount of support remains within the discretion of the court. Moore v. Moore (1992),83 Ohio App.3d 75, 78, citing Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 130-31. Accordingly, a trial court's decision on these issues will not be overturned absent an abuse of discretion. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion involves more than an error of judgment; it implies that the domestic relations court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 219. The burden is on the party challenging the award to establish an abuse of discretion. Shuler v. Shuler (Oct. 27, 1999), 9th Dist. No. 98CA007093. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 8} The trial court indicated in its judgment entry that it considered all of the statutory factors contained in R.C. 3105.18. The court also made the following findings.
 {¶ 9} The parties were married for 39 years. Appellant is sixty years old and has high blood pressure, a small tumor on the brain, a small tumor on his adrenal gland and possible diabetes. At the time of the divorce, he was employed by Schieve Company, Inc., and had a gross annual salary of $66,950.
 {¶ 10} Appellee, 58 years of age, has high blood pressure and suffers from depression, anxiety attacks and menopause. At the time of the divorce, she was employed by Schieve Company, Inc., and Michael's Hair Design, and had a gross annual salary of $27,252.
 {¶ 11} The trial court found that "[a]fter more than thirty-nine years of marriage, the wife is entitled to maintain the same standard of living as the husband, even if it means that both parties may experience a reduction in their standards of living in order to support two households." The court further found that "the amount of after tax money available to the husband and wife should be substantially equal and that an award of spousal support is necessary to effectuate that result." The trial court indicated that it considered the agreements entered into by the parties regarding the division of marital assets, as well as the retirement benefits and tax consequences. The trial court, therefore, ordered spousal support of $2,650 per month, "until the earlier occurrence of the remarriage or cohabitation of the wife, or the death of either party."
 {¶ 12} The trial court considered the factors set forth in R.C. 3105.18(C)(1). Evidence was presented to substantiate the findings and conclusions of the trial court. Furthermore, the trial court indicated the basis of its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. Therefore, this Court cannot say that the trial court abused its discretion in the determining the amount of appellant's spousal support obligation.
Duration
 {¶ 13} Appellant also argues that the trial court abused its discretion in failing to establish a termination date for the spousal support award. Appellant's argument is without merit.
 {¶ 14} The Supreme Court of Ohio has stated that spousal support awards should generally terminate upon a date certain, except in cases involving a marriage of long duration, parties of advanced age, or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus. This Court has previously indicated that a marriage of long duration will permit a trial court to award spousal support of indefinite duration without abusing its discretion or violating the principles of Kunkle. Bowen v. Bowen (1999),132 Ohio App.3d 616, 627. In Bowen, this Court determined that a marriage of twenty years constituted a marriage of long duration, and justified an indefinite award. Id. In the present case, the marriage lasted 39 years.
 {¶ 15} This Court also notes that a trial court's failure to establish a termination date for spousal support is not an award for life when that court retains jurisdiction to reduce or terminate the support award at any time based on a change in either party's circumstances. Bowen,132 Ohio App.3d at 627. In the present case, the trial court specifically retained such jurisdiction.
 {¶ 16} Accordingly, appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] BY REJECTING HIS DEMAND FOR AWARD OF ATTORNEY FEES AFTER GRANTING HIS MOTION TO COMPEL DISCOVERY PURSUANT TO [CIV.R.37].
 {¶ 17} In his second assignment of error, appellant argues that the trial court abused its discretion in overruling his request for attorney's fees regarding his motion to compel after granting the motion to compel. This Court disagrees.
 {¶ 18} The trial court also did not err by refusing to award appellant attorney's fees under Civ. R. 37(A)(4). When a party's motion to compel is granted, Civ. R. 37(A)(4) requires a court to award reasonable expenses, including attorney's fees, to the moving party "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Where a court refuses to award attorney's fees, an accompanying failure to explicitly make one of the required findings on the record mandates a remand to the trial court. MaCarthy v. Dunfee (1984), 19 Ohio App.3d 68, 70.
 {¶ 19} Appellant argues that the trial court failed to make the required findings on the record. However, a review of the record reveals otherwise. In discussing appellant's motion for attorney's fees, the trial court stated:
"Much of the information the husband sought concerned the parties' finances for the last ten years of the marriage and long before the husband filed for divorce in September 2002. Much of this information about the wife's spending habits during the marriage was not particularly relevant to the divorce proceeding. In any event, counsel for the husband was able to get much of the information that he sought.
"Further, the parties resolved the property division issues prior to trial and testified that each made and a full and complete disclosure of all assets and liabilities.
"The Court finds that husband's counsel went to extraordinary lengths to obtain information of minimal relevance to the divorce proceeding. Counsel now seeks more than $3000.00 in fees for her efforts to obtain this information. The motion to compel was twelve pages long with seventy-nine pages of exhibits attached. This would seem excessive in relation to the relevance of the information sought. Accordingly, as permitted by Civ. R. 37(A), the Court finds an award of expenses and attorney fees is unjust and not warranted in this case."
The record reveals that the trial court went into great detail regarding its finding on the issue of appellant's motion for attorney's fees. Therefore, this Court finds that the trial court did not abuse its discretion by denying an award of attorney's fees or discovery sanctions against appellee under Civ. R. 37(A)(4). Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The decision of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.