{¶ 15} I agree with the majority as to the first and second assignments of error. As to the third assignment of error, I would sustain this assignment of error and remand to the trial court for a hearing.
 {¶ 16} On July 13, 2005, the trial court entered its order granting appellant's motion to compel and indicated that appellant's "request for expenses will be considered at a later date." Civ.R. 37(A)(4) requires the court to award attorney fees unless the court finds on the record that opposition to the motion was substantially justified or that other circumstances make an award unjust. See, also, Schieve v. Schieve, 9th Dist. No. 05CA0037-M, 2005-Ohio-5190. This was not done here.
 {¶ 17} A review of the docket demonstrates that no hearing was ever scheduled on the discovery violation. Also, the trial court did not journalize any findings on the issue.
 {¶ 18} The majority assumes that the court heard the issue of expenses at the trial on the merits. I do not believe such an assumption can be made based on the record here. First, the docket does not reflect this. In fact, in granting the motion to compel, the trial court indicated that the request for expenses would be considered at a later date. It did not say the request for expenses will be considered at trial. Second, neither side makes this argument. Moreover, case law requires the court to make one of the findings as to why the award of expenses was not warranted. Case law also provides that a court of record speaks only through its journal entries. Gaskins v. Shiplevy (1996),76 Ohio St.3d 380, 382. This was not done. I would remand the issue of expenses on the motion to compel for a hearing.