[Cite as *Faidley v. Faidley*, 2012-Ohio-1670.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

RONALD E. FAIDLEY

    Appellant

    v.

WANDA M. FAIDLEY

    Appellee

C.A. No.     11CA0005

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    09-DR-0223/0234

DECISION AND JOURNAL ENTRY

Dated: April 16, 2012

---

MOORE, Judge.

{¶1}　Appellant, Ronald Faidley, appeals from the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands this matter to the trial court for further proceedings consistent with this opinion.

I.

{¶2}　Ronald and Wanda Faidley were married for 49 years. In 2009, Mr. and Mrs. Faidley each filed a complaint for divorce. The trial court consolidated the cases and re-designated Wife's complaint as a counterclaim. Prior to the final hearing, the parties reached agreement as to all matters except for spousal support. On July 7, 2010, the magistrate held a final hearing, and on July 16, 2010, filed a proposed decision. The same day, the trial court entered a decree of divorce upon consideration of the magistrate's decision. Therein, the trial court ordered Husband to pay $1,000 per month to Wife for spousal support and determined that

the obligation would terminate upon the death of either party. The court further ordered Husband to designate Wife as the beneficiary on his life insurance policy for so long as he was obligated to pay spousal support. The court determined that it would retain jurisdiction over spousal support as to the amount only. Husband filed objections to the magistrate's decision, but, on January 19, 2011, the trial court overruled the objections and reaffirmed its previous decision.

{¶3} Husband timely filed an appeal from the trial court's order, and presents three assignments of error for our review. We have re-ordered the assignments for ease of discussion.

II.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING [HUSBAND] TO PAY SPOUSAL SUPPORT TO [WIFE] IN AN AMOUNT THAT WAS PUNISHMENT AGAINST [HUSBAND].

{¶4} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C. 3105.18(B). "A trial court has wide latitude in awarding spousal support. As such, absent an abuse of discretion, an appellate court will not reverse a trial court's decision regarding spousal support." (Internal citation omitted.) *Abram v. Abram*, 9th Dist. No. 3233-M, 2002 WL 22894, *1 (Jan. 9, 2002), citing *Vanderpool v. Vanderpool*, 118 Ohio App.3d 876, 878-79 (9th Dist.1997); *see*, *also*, *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Abuse of discretion "implies that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore,* 5 Ohio St.3d. at 219. However, a trial court's broad discretion must be guided by the factors set forth in R.C. 3105.18(C)(1). R.C. 3105.18(C)(1) provides:

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, * * * the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶5} Need is not a basis for an award of spousal support; rather, the court must consider the factors set forth in R.C. 3105.18(C)(1) and determine within its sound discretion whether spousal support is appropriate. Although there is no requirement that the court

enumerate each factor, the court must provide a sufficient basis to support its award. *West v. West*, 9th Dist. No. 01CA0045, 2002 WL 388845, *9 (Mar. 13, 2002).

{¶6} The magistrate's decision, which the trial court considered in rendering its order, states that the magistrate considered the statutory factors contained in R.C. 3105.18. Relevant to these factors, the magistrate noted that the parties were married for 49 years. At the time of hearing, Husband was 67 years old, and suffered from diabetes, a hernia, and arthritis. Husband received a fixed income of $4,061 per month. Wife was 68 years old and suffered from hip problems, COPD, high blood pressure, high cholesterol, and panic anxiety. Wife received a fixed income of approximately $1,208 per month.

{¶7} Each party had supplied a list of expenses. Although Husband's list provided that his expenses approximated $6,600 per month, the magistrate noted that this figure included the temporary support amount of $1,020 per month. Further, the magistrate noted that, pursuant to the parties' stipulated agreement, the parties' marital residence and recreational vehicle were to be sold. Thus, as Husband was residing in the marital residence, the costs associated with the residence would be eliminated and likely replaced by another mortgage or rental payment. Further, Husband indicated that he intended to utilize his share of the net proceeds from the sale of the home to pay off or significantly pay down debt that he incurred during the parties' separation and divorce proceedings, which the magistrate concluded would reduce his monthly expenses by approximately $2,300.

{¶8} Wife's expense list set forth approximately $1,690 per month in expenses. However, Wife requested $1,450 per month in spousal support to "equalize the parties' current incomes." Further, Wife testified that she enjoyed a good lifestyle during the marriage, and the parties had sufficient money to take vacations, to dine out, and to put money away in savings.

However, Wife testified that, since the separation, she had been unable to maintain this lifestyle, that she made no appropriations in her budget for vacations, and that the expenses which she submitted to the court reflected only a "bare bones" budget.

{¶9}   The magistrate noted that "[Husband]'s expenses will potentially have a drastic change once the real estate and RV are sold."  The magistrate then recommended that support remain at $1,000 per month based upon the R.C. 3105.18 factors.  Thus, based upon the above, the magistrate appropriately considered the statutory factors in determining the amount of the spousal support obligation, and the trial court acted within its broad discretion in determining that spousal support in the amount of $1,000 per month was reasonable and appropriate under these circumstances.  *See, e.g., Noll v. Noll*, 9th Dist. No. 98CA007042, 2000 WL 727541, *2 (June 7, 2000) (trial court properly considered the fourteen factors of R.C. 3105.18, and did not abuse its discretion in awarding spousal support); *Young v. Young*, 9th Dist. No. 93CA005554, 1993 WL 548765 (Dec. 29, 1993) (record revealed that trial court considered the R.C. 3105.18 factors and did not abuse its discretion in awarding spousal support in the amount of $500 per month for eighteen months and $450 per month thereafter); *West*, *supra* (court did not abuse its discretion in awarding wife $825 per month in spousal support after consideration of the statutory factors).

{¶10}  Accordingly, Husband's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO RETAIN JURISDICTION OVER TERMINATION OF [HUSBAND]'S SPOUSAL SUPPORT OBLIGATION FOR CHANGED CIRCUMSTANCES.

{¶11} In his first assignment of error, Husband argues that the trial court abused its discretion when it failed to retain jurisdiction over the termination of spousal support for changed circumstances. We disagree.

{¶12} R.C. 3105.18(E) mandates that a trial court must specifically reserve jurisdiction in its divorce decree or in a separation agreement incorporated into the decree in order to modify the amount or terms of a spousal support award. In the present case, Husband argues that a trial court abuses its discretion by not retaining jurisdiction to terminate lifetime spousal support awards based upon changed circumstances. In support, Husband cites our decision in *Schieve v. Schieve*, 9th Dist. No. 05CA0037-M, 2005-Ohio-5190, ¶ 15, for the proposition that there "an order for indefinite spousal support was appropriate because the trial court specifically retained 'jurisdiction to reduce or *terminate* the support award at any time based on a change in either party's circumstances.'"

{¶13} However, in *Schieve*, at issue was whether a life-time spousal support award was itself an abuse of discretion. In our discussion, we noted that the "trial court's failure to establish a termination date for spousal support is not an award for life" when the trial court retains jurisdiction to terminate the award. *Id.* In other words, the trial court in *Schieve* had retained jurisdiction which allowed it to address reduction or termination of support should a change of circumstances occur. Because reservation of jurisdiction is necessary in order to later address spousal support, it does not follow that a trial court is *required to* retain jurisdiction to terminate support whenever it issues lifetime spousal support orders. Whether the court retains jurisdiction is a matter vested in the sound discretion of the court. *Young*, *supra*; *Bolte v. Bolte*, 9th Dist. No. 15640, 1992 WL 357316 (Nov. 25, 1995).

{¶14} In the present case, given the length of the parties' marriage, and the unlikelihood that either party would return to the workforce due to age and medical conditions, we cannot say it was unreasonable, arbitrary or unconscionable for the trial court to decline to retain jurisdiction to terminate spousal support for changed circumstances. Accordingly, Husband's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING [HUSBAND] TO MAINTAIN A LIFE INSURANCE POLICY WITH [WIFE] DESIGNATED AS THE BENEFICIARY TO SECURE A LIFETIME SPOUSAL SUPPORT OBLIGATION.

{¶15} In his second assignment of error, Husband argues that, because the trial court ordered that his spousal support obligation would terminate upon his death, the trial court abused its discretion by requiring him to maintain Wife as a beneficiary of his life insurance policy to secure the obligation. We agree.

{¶16} Generally, spousal support terminates upon the death of either party, "unless the order containing the award expressly provides otherwise." R.C. 3105.18(B). Here, the order specifically provides the award terminates upon either party's death. However, the order further requires Husband to maintain a life insurance policy, with Wife as the beneficiary, "so long as there is a support obligation." Husband argues that these provisions are inconsistent and amount to an abuse of discretion.

{¶17} In *Krone v. Krone*, 9th Dist. No. 25450, 2011-Ohio-3196, ¶ 28, this Court addressed a similar argument, stating:

This court has consistently held that a trial court errs in ordering an obligor to secure a spousal support obligation terminable upon death with life insurance. *Schiesswohl v. Schiesswohl*, 9th Dist. No. 21629, 2004-Ohio-1615, ¶ 5; *Moore v. Moore*, 120 Ohio App.3d 488, 492, (9th Dist.1997); *Sergi v. Sergi*, 9th Dist. No. 17476, 1996 WL 425914, *11 (July 31, 1996). However, in *Karis v. Karis*, this

Court noted a significant limitation. *Karis v. Karis*, 9th Dist. No. 23804, 2007-Ohio-759, ¶ 18. There, this Court held that the trial court did not abuse its discretion by ordering the husband to secure his arrearage of spousal support payments with a life insurance policy. *Id.* Here, Husband stipulated that he had support arrears of $47,279.94. As in *Karis*, "this obligation reflects an amount due to Wife as a result of Husband's contempt rather than his ongoing spousal support obligation[.]" *Karis* at ¶ 18. Accordingly, the trial court did not abuse its discretion by ordering Husband to secure payment of the arrearage with a life insurance policy.

Here, unlike the situation in *Karis* and *Krone*, there is no indication that Husband was in arrears on his temporary spousal support obligation.

{¶18} However, Wife contends that "[she] testified that she is unable to meet her budget if [Husband] should pass away and her spousal support would terminate." Therefore, Wife maintains that the trial court intended "for the support obligation to extend beyond [Husband]'s lifetime and to secure [Wife]'s support for *her* lifetime." However, the plain language of the divorce decree states that the support obligation "shall terminate upon the death of either party * * *."

{¶19} Accordingly, we sustain Husband's second assignment of error and remand this matter to the trial court for further proceedings consistent with this opinion.

III.

{¶20} Husband's first and third assignments of error are overruled. Husband's second assignment of error is sustained, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶21} I concur with the majority of the Court's opinion. I dissent with respect to the resolution of the second assignment of error concerning the trial court's order to maintain life insurance. R.C. 3105.18(B) provides that any award of spousal support "shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." In light of this statutory language, this Court, in *Sergi v. Sergi*, 9th Dist. No. 17476, 1996 WL 425914 (July 31, 1996), has acknowledged that a trial court is permitted to order spousal support notwithstanding the death of the obligor spouse, however, consistent with the statute, the trial

court must expressly provide in its decree that spousal support continue beyond the death of the party. *See id.* at *11. In *Sergi*, we specifically noted that, because in that case the trial court had failed to make an express provision for spousal support to continue after the obligor's death as required by R.C. 3105.18(B), it was error for the trial court to secure his spousal support obligation with a life insurance policy. *Id.* Since *Sergi*, this Court has never interpreted R.C. 3105.18(B) as precluding an order of life insurance to secure spousal support, which is in effect a mechanism to provide spousal support after the death of the obligor spouse. Rather it has consistently held that the trial court's entry must specify that spousal support continue beyond the death of the party and that absent such a specification, it is error to order an obligor spouse to secure the spousal support award with life insurance. *See, e.g., Krone v. Krone*, 9th Dist. No. 25450, 2011-Ohio-3196, ¶ 28.

{¶22} In this case, the trial court's judgment stated that spousal support would terminate upon death; however, it also ordered Mr. Faidley to maintain life insurance. The trial court's provisions are inconsistent. On the one hand, the trial court has ordered that spousal support should terminate upon the death of the parties and, on the other, it ordered that support continue beyond death in the form of life-insurance proceeds. In light of this inconsistency, it is unclear what the trial court actually intended. When the trial court's intent is unclear, it is appropriate to remand the matter so that the trial court may clarify the ambiguity. *See, e.g., Manos v. Manos*, 9th Dist. No. 24717, 2010-Ohio-1178, ¶ 30. Therefore, I would remand the matter back to the trial court so as to clarify its intent. *See, e.g., Waller v. Waller*, 163 Ohio App.3d 303, 2005-Ohio-4891, ¶ 91-93 (7th Dist.) (remanding the matter back to the trial court to clarify its intent where the trial court ordered that spousal support terminate upon death but also ordered spouse

to maintain life insurance policy to secure spousal support).  Accordingly, I dissent with that portion of the Court's decision.

APPEARANCES:

MELISSA CRAEMER SMITH and STEPHEN BITTINGER, Attorneys at Law, for Appellant.

ROSANNE K. SHRINER, Attorney at Law, for Appellee.