[Cite as *Kent v. Kent*, 2012-Ohio-2745.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

ALBERT J. KENT

     Appellee/Cross-Appellant

     v.

MARTHA A. KENT

     Appellant/Cross-Appellee

C.A. No.      26072

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2009-02-0512

DECISION AND JOURNAL ENTRY

Dated: June 20, 2012

---

MOORE, Presiding Judge.

{¶1} Appellant/Cross-Appellee, Martha Kent ("Wife"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, awarding her spousal support of a limited duration. Additionally, Appellee/Cross-Appellant, Albert Kent ("Husband") appeals from one of the trial court's factual findings. This Court affirms in part and reverses in part.

I.

{¶2} After 26 years of marriage and six children, Husband filed for divorce from Wife, and Wife filed a counterclaim for the same. When the action commenced, three of the parties' children were still minors: twin boys born in 1996 and a daughter born in 1992. Wife obtained an associate's degree in 1986, but stopped working that same year after the birth of the parties' first child. Wife remained at home to care for the children for the next 19 years. From 2005 until the date of the trial, she then worked part-time. Wife also completed a massotherapy degree

program in October 2009, but had not yet received the results of her licensing exam at the time of trial. Husband worked full-time throughout the parties' marriage. At the time of trial, Husband was 52 years old and Wife was 48 years old.

{¶3}   The trial court issued the parties' final decree of divorce on January 21, 2010. The court found Wife to be underemployed as a massotherapist and imputed income to her to arrive at a spousal support award from Husband of $750 per month for a term of 101 months. Wife appealed from the trial court's judgment, and this Court reversed. *Kent v. Kent*, 9th Dist. No. 25231, 2010-Ohio-6457. Specifically, we determined that the trial court erred by imputing income to Wife, as there was no evidence that she was capable of working as a massotherapist and, therefore, no evidence that she was underemployed. *Id.* at ¶ 14-15. Because the trial court's income imputation affected its spousal support determination, we also reversed the court's spousal support award. *Id.* at ¶ 18.

{¶4}   Upon remand, the trial court awarded Wife $1,750 per month in spousal support for a term of 101 months. One of the court's factual findings was that Wife "is licensed as a massotherapist." Both Wife and Husband now appeal from the trial court's judgment and each raises one assignment of error for our review. For ease of analysis, we consolidate the assignments of error.

II.

**WIFE'S ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT LIMITED THE DURATION OF SPOUSAL SUPPORT.

**HUSBAND'S ASSIGNMENT OF ERROR**

THE TRAIL (sic) COURT'S FINDING THAT THE WIFE IS A LICENSED MASSOTHERAPIST IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

**{¶5}** In her sole assignment of error, Wife argues that the trial court abused its discretion by awarding her a specific term of spousal support rather than an indefinite support award. Meanwhile, Husband challenges one of the trial court's factual findings underlying its support award: that Wife was licensed as a massotherapist at the time of the trial.

**{¶6}** This Court reviews a trial court's ultimate award of spousal support under an abuse of discretion standard. *Brubaker v. Brubaker*, 9th Dist. No. 22821, 2006-Ohio-1035, ¶ 7. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In awarding spousal support, however, a trial court also must make factual determinations as to the income level of each spouse. *Bucalo v. Bucalo*, 9th Dist. No. 05CA0011-M, 2005-Ohio-6319, ¶ 44. *See also Zemla v. Zemla*, 9th Dist. No. 09CA0019, 2010-Ohio-3938, ¶ 7-8; *Kent v. Kent*, 9th Dist. No. 25231, 2010-Ohio-6457, ¶ 9-15. We do not address the standard of review that applies to a trial court's factual determinations in its award of spousal support. Wife does not challenge any particular factual finding of the court, and the standard is not necessary to our resolution of Husband's assignment of error.

**{¶7}** A trial court must consider the factors set forth in R.C. 3105.18(C)(1) when deciding the appropriate duration of a spousal support award. Specifically, a court must consider:

(a) The income of the parties, from all sources * * *;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties * * *;

(j) The contribution of each party to the education, training, or earning ability of the other party * * *;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1). "Although there is no requirement that the court enumerate each factor, the court must provide a sufficient basis to support its award." *Faidley v. Faidley*, 9th Dist. No. 11CA0005, 2012-Ohio-1670, ¶ 5.

{¶8} The parties stipulated to the following facts at trial. Husband's annual income was $82,248 while Wife's annual income was $9,000. Husband held a bachelor's degree in economics and, at the time of trial, worked for FedEx as a senior systems analyst. He had also held several other positions before his transition to FedEx, so he had amassed multiple retirement benefits. Wife, meanwhile, did not work during the vast majority of the marriage. She received an associate's degree in computer programing in 1986, but never used her degree. Instead, she stayed at home to raise the couples' six children. Wife began working part-time in 2005 and

took an exam to be licensed as a massotherapist. The parties agreed at trial, however, that Wife had not yet received the results of her exam.

{¶9} Wife testified that she anticipated receiving the results of her licensure exam within the next month after trial and that she could not work as a massotherapist until she received her license. Wife also testified that she did not have any potential job prospects in the massotherapy field. She stated that she knew other individuals who had obtained their licenses but were having difficulty working as massotherapists due to the current state of the economy. Additionally, Wife testified that if she failed her licensure exam she would have to wait until the summer to retake it.

{¶10} Neither of the parties had any health issues, but Wife testified that two of their children did. Although Wife described the elder child's health problems as ones confined to her youth, Wife noted that their youngest daughter had severe asthma. Wife testified that her daughter's asthma routinely caused her to miss 30-40 days of school each year and, for that reason, Wife needed a flexible employment schedule. Husband did not dispute Wife's testimony that their daughter required that level of care. Further, while Wife testified that it was possible for her to work more hours in a given week, she stated it was impossible for her to work full-time due to her daughter's condition. Wife's employer also had not offered her additional work hours during the week.

{¶11} This Court first addresses Husband's assignment of error. Husband argues that one of the trial court's factual findings is against the manifest weight of the evidence. The trial court found in its judgment entry that Wife "is licensed as a massotherapist." Husband avers that this finding is erroneous because Wife did not have her license at the time of trial. Although

Husband is correct that Wife did not have her license at the time of trial, we conclude that the trial court's error is harmless. More importantly, we conclude that Husband invited the error.

{¶12} When Wife first appealed from the trial court's judgment, this Court reversed the trial court's spousal support award. *Kent*, 2010-Ohio-6457, at ¶ 18. We did so because the trial court erroneously imputed income to Wife after finding that she was underemployed as a massotherapist. *Id.* at ¶ 11-12. We noted that Wife could not possibly be underemployed as a massotherapist because she testified that she needed a license to work in that capacity and she did not yet have a license. *Id.* at ¶ 13-14. Accordingly, we remanded the matter for further proceedings, which included a redetermination of spousal support.

{¶13} Upon remand, Husband filed a trial brief. In the trial brief, Husband stated that Wife had obtained her massotherapy license on January 15, 2010. He also attached a copy of the license from the Ohio License Center to his trial brief. In discussing Wife's education and employment history, the trial court stated that Wife "is licensed as a massotherapist." "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1995). Because Husband specifically notified the court of Wife's licensure in his trial brief, he cannot now complain that the trial court erred by referencing it. *See Musarra v. Griffin*, 9th Dist. No. 25571, 2011-Ohio-5002, ¶ 14. Moreover, Husband cannot demonstrate prejudice as a result of the alleged error. R.C. 3105.18(C)(1) specifically directs a trial court to consider a party's relative earning ability as well as the extent of his or her education. R.C. 3105.18(C)(1)(b), (h). While this Court previously recognized that the trial court could not impute past income to Wife based on a license she did not yet have, Husband fails to explain why, upon remand, the trial court could not consider the license as bearing upon the extent of

Wife's education as well as her future earning ability. Accordingly, Husband's assignment of error is overruled.

{¶14} In Wife's sole assignment of error, she does not challenge any of the trial court's factual findings or the amount of spousal support the trial court awarded. Wife only argues that the trial court erred by not awarding her spousal support of an indefinite duration.

{¶15} "The Supreme Court of Ohio has stated that spousal support awards should generally terminate upon a date certain, except in cases involving a marriage of long duration, parties of advanced age, or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home." *Schieve v. Schieve*, 9th Dist. No. 05CA0037-M, 2005-Ohio-5190, ¶ 14. "[A] marriage of long duration will permit a trial court to award spousal support of indefinite duration without abusing its discretion or violating the principles of *Kunkle*." *Naylor v. Naylor*, 9th Dist. Nos. 21758 & 21881, 2004-Ohio-4452, ¶ 13. This Court previously has upheld awards of indefinite duration in circumstances similar to the circumstances at issue here. *See, e.g., Schieve* at ¶ 13-16 (indefinite award upheld for 39 year marriage when husband's annual salary was double that of wife's); *Naylor* at ¶ 12-14 (indefinite award upheld for 21 year marriage where wife "lacked the opportunity to develop employable skills and meaningful employment outside the home"). As previously noted, Husband and Wife were married for 26 years before Husband filed for divorce, and Wife did not work for a period of 19 years.

{¶16} Wife did not request any particular duration of spousal support, but Husband asked the trial court to limit any award to five years. The trial court ultimately awarded Wife 101 months, or 8.4 years, of support. In doing so, the court noted that it found several of the statutory factors from R.C. 3105.18(C)(1) relevant to its decision. The court found that: (1)

Husband's income was substantially greater than Wife's, (2) Husband always would have a greater earning ability than Wife, (3) both parties were relatively young and healthy, (4) Husband would continue to accrue retirement benefits that Wife would not, (5) the marriage was lengthy, (6) the parties enjoyed a comfortable, upper-middle class lifestyle, (7) Husband was a college graduate while Wife held an outdated associate's degree, and (8) Wife "lost income production capacity as a result of the parties' decision to have a large family with Wife being a full-time homemaker." It then awarded Wife 8.4 years of spousal support and reserved jurisdiction to modify its order based upon a change of circumstances.

{¶17} It is true that a trial court is not required to award spousal support of an indefinite duration. *Manos v. Manos*, 9th Dist. No. 24717, 2010-Ohio-1178, ¶ 28. It is equally true, however, that a trial court must set forth a sufficient basis to support the award it selects. *West v. West*, 9th Dist. No. 01CA0045, 2002 WL 388845, *9 (Mar. 13, 2002). The trial court did not include any explanation as to why it selected 8.4 years as the duration of its support award to Wife. Moreover, while the trial court retained jurisdiction over the amount and terms of its support order, the decree provides for a modification of the order only in light of a change of one of the parties' circumstances. *Compare Geschke v. Geschke*, 9th Dist. Nos. 3266-M & 3268-M, 2002-Ohio-5426, ¶ 21-23. The vast majority of the factors the trial court set forth bode in favor of a lengthy, if not indefinite, support award. The marriage here was one of substantial duration and, as a result of her role as primary caregiver, Wife had "little opportunity to develop meaningful employment outside the home." *Schieve*, 2005-Ohio-5190, at ¶ 14. Despite that fact, the trial court only awarded 8.4 years of support and did not explain its rationale for that decision. Absent any explanation on the part of the trial court for the limited duration of its

award, we cannot conclude that the court properly exercised its discretion in only awarding Wife 8.4 years of support. Wife's sole assignment of error is sustained on that basis.

## III.

**{¶18}** Wife's sole assignment of error is sustained for the reasons set forth above. Husband's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.


<u>APPEARANCES:</u>

KENNETH L. GIBSON, Attorney at Law, for Appellant.

ROBERT E. EPSTEIN, Attorney at Law, for Appellee.